## GOULD *vs.* BANKS & GOULD.

An *assignment* or relinquishment of a *copy right* of a book, or of an interest in such copy right, is void if not in *writing;* the *agreement* to assign or relinquish may be by *parol,* and is a good consideration for a promise on the other side.

It is competent to *joint owners* of a copy right of a book, to make a contract *inter se* in reference to the printing and publication of such book, and one will not be permitted to set up against the other his original rights as a joint owner, in violation of such contract.

Where a right of action has accrued for the non-delivery of an article agreed to be delivered in a certain event, such right is not defeated by a subsequent tender.

But if a tender be subsequently made, and the party to whom the property was agreed to be delivered places his refusal to accept upon the ground of the article not being merchantable, he *waives* his right to insist upon the former default.

In an action on a contract for the non-delivery of property, the plaintiff is at liberty, in answer to proof of *tender,* to give evidence that the property tendered was defective in quality.

THIS was an action of *assumpsit,* tried at the New-York circuit in October, 1829, before the Hon. WILLIAM A. DUER, then one of the circuit judges.

ALBANY,
Jan. 1832.

Gould
v.
Banks.

The plaintiff declared on a *special contract*, stating that he and the defendants, being owners in common of the *copy right* of the eighth and ninth volumes of Johnson's Reports, the plaintiff owning one moiety and the defendants the other moiety of the same, and that he, the plaintiff, being possessed of *notes* or *annotations* upon the eighth volume of the said reports, prepared by T. Day, Esq., it was, on the 1st November, 1819, agreed, by and between the parties, that the plaintiff should deliver the said notes to the defendants, and that they should forthwith print an edition of 1250 copies of the *eighth* volume, with the notes, and deliver one half of the edition to the plaintiff as soon as the same should be out of press and ready for delivery; and that he, the plaintiff, should print a like edition of the *ninth* volume, with notes, as soon as conveniently could be after notes to the volume could be procured from Mr. Day, and deliver the one half of such edition to the defendants as soon as the same should be out of press and ready for delivery; and that in consideration of the plaintiff's promise, the defendants promised, &c. The plaintiff then *avers* that he delivered the *notes* prepared by Mr. Day to the defendants, and that they printed the edition of 1250 copies of the said eighth volume, but that they wholly refused to deliver to him the one half of such edition. The declaration also contained a count of *another special contract*, stating that the parties were also owners in common of the *copy right* of certain notes and references made upon and for Phillips' Treatise on Evidence, the plaintiff owning one moiety, and the defendants the other moiety of such copy-right, it was on the 1st November, 1819, agreed by and between the parties, that the plaintiff should grant to the defendants the privilege of printing and publishing *on their own account*, a *second* edition of the last mentioned work with the notes, and that in consideration thereof, the defendants should deliver to the plaintiff 100 copies of the said work, bound as soon as conveniently might be after the printing and publishing thereof. The plaintiff then *avers* that he accordingly *did relinquish* to the defendants his interest in the last mentioned copy-right, so far as respected the printing and publishing of such edition, and that the defendants had and enjoyed the privilege of printing and publishing the same on

their own account, and *that they did print* and publish the said edition, but wholly refused to deliver the 100 copies to the plaintiff. The defendants pleaded the general issue, and gave notice of special matter to be proved on the trial.

On the trial of the cause the plaintiff proved the contract in relation to the printing of the eighth and ninth volumes of Johnson's Reports ; the delivery of the notes of Mr. Day to the defendants ; the publication of the eighth volume ; a demand of half of the edition, and a refusal to deliver. The witness who proved the demand and refusal, also proved that within six months after the publication of the *eighth* volume, 625 copies were tendered to the plaintiff, who refused to receive the same because they were *unmerchantable ;* the plaintiff inquired of the witness in what respect they were unmerchantable, but the inquiry was objected to, and overruled by the judge, as inadmissible under the pleadings in the cause, The price of the books in market was shewn, and that if not delivered shortly after publication, their value was lessened to the plaintiff, by the market being supplied. The plaintiff also proved the contract as to the printing of the *second edition* of Philips ; that the work was printed by the defendants, and their refusal to deliver more than thirty copies, which were received by the plaintiff. The value of this work was proved, and the plaintiff offered to shew the *damage* sustained by him in consequence of the non-delivery of the whole quantity of 100 copies, which evidence was objected to and rejected, because *special damages* were not claimed in the declaration. The plaintiff having rested, the defendants asked that the plaintiff should be *nonsuited,* which motion was granted by the judge, he being of opinion that the *tender* of 625 copies of Johnson's Reports was a bar to a recovery on the contract in relation to such reports, and that the contract of the defendants in relation to the 100 copies of Philips' Evidence was without consideration, inasmuch as it had not been shewn that the *assignment* of the plaintiff's interest in the copy-right of that work, had been made *in writing*. The plaintiff moved to set aside the nonsuit; and for a new trial.

*H. W. Warner,* for plaintiff.

*C. Baldwin,* for defendant.

*By the Court,* NELSON, J. The idea that the agreement in relation to the edition of Phillips' Evidence was void for want of consideration, is certainly erroneous. There is nothing in the subject matter of that agreement, requiring it to be *in writing.* The promise of the plaintiff was a good consideration for the promise of the defendants. It is a case of mutual concurrent promise, binding upon both parties. 1 Chitty, 298. That the transfer of the plaintiff's interest in the copy-right, which is the consideration for the performance of the defendants' promise, must be in writing to be valid and operative, is true, but this only concerns the manner of the performance of the promise on the part of the plaintiff; he may bind himself by *parol* to make such an assignment, as was done in this case, notwithstanding any thing in the act of congress to the contrary. 1 vol. Laws U. S. 118. This is not like an agreement within the statute of frauds, which is itself void unless in writing. It is equally clear to me, and this may be what the circuit judge meant, to entitle the plaintiff to recover for the breach of the agreement in this case, he must first shew a performance on his part, or that which is equivalent. The performance of the conditions or considerations in the agreement were concurrent acts, and neither party could sustain a suit for a breach, without shewing performance on his part, or an offer to perform ; this is the obvious intent of the parties, to be derived from a fair construction of the terms of the agreement as proved. The defendants agreed to give 100 copies when printed, or in consideration of, the plaintiff's interest in the copy right. The pleader so understood the contract, and has accordingly averred performance on the part of the plaintiff. There is I think a variance between both counts upon this agreement and the proof in support of them. The plaintiff sets out that it was agreed that he should grant to the defendants the privilege of printing an edition of Phillips' Evidence, &c. &b.; and then avers that he did relinquish to them his interest in the said copy-right, so far as *respected the printing and publishing such edition, &c.* Now, according to the proof, it is quite clear to my mind, that the 100 copies were the consideration for the entire interest of the plaintiff in the copy-right ; this objection was taken on the argument of the case, but not

at the trial, and therefore, cannot now be considered, for if taken at the trial, it is possible it might have been obviated. For the purpose of this decision, so far as this question is concerned, the pleadings are not to be taken into consideration. The assignment of the copy-right being a precedent performance, and being so averred in the declaration, it was necessary for the plaintiff to shew affirmatively that he had assigned, or done that which was equivalent to an assignment, before he could sustain an action against the defendants, for a breach of the agreement on their part ; and as a transfer of the copy-right, under the act of congress, by an author or proprietor, must be in writing to pass any interest, the assignment which ought to have been made, or tendered, should have been in writing. Laws of U. S. vol. 1, p. 118, § 2.    4 Campb. 8.    3 Maule & Sel. 7.    12 Com. L. R. 258.    For these reasons, I think the plaintiff cannot recover upon this agreement as the facts stand, and the nonsuit is right, though the ground upon which it was placed by the judge is not strictly correct.

From an examination of the evidence, as to the contract to print and exchange the 8th and 9th volumes of Johnson's Reports, it is obvious that the promises are independent, and consequently either party may recover damages for an injury arising from a breach of them, without shewing a performance on his part.    A part of the consideration of the plaintiff was executed at the time, to wit, the delivery of Day's notes.    7 Johns. R. 249.    1 Chitty, 314.    The defendants were immediately to proceed and print the 8th volume, and as soon as printed, to deliver to the plaintiff one half of the edition, and the ninth volume, which was to be given in exchange, and in consideration therefor, was not be printed until the plaintiff could procure Day's notes to that volume, and when these could be procured was uncertain.    It could not, therefore, have been intended by the parties that the delivery of the respective editions of the 8th and 9th volumes should be concurrent acts.    The terms of the contract imply that the 8th volume was first to be printed by the defendants, and they agreed to deliver to the plaintiff his moiety as soon as printed. The printing of the 9th volume, and the delivery of the half

of that edition to the defendants according to the agreement, therefore, have nothing to do with this case.

Upon the demand of the plaintiff of his share of the edition of the 8th volume after it was printed, and the refusal by the defendants to deliver the same, a right to damages accrued to him to the extent of his loss, and a subsequent offer to deliver could not bar the recovery, if the plaintiff chose to put himself upon that right, even if no suit had been commenced by him. It is not the commencement of the suit which prohibits the subsequent fulfilment of the contract by the defendants, but the previous default, and the consequent right of action that has thereby accrued to the plaintiff. It is, however, competent for the party to waive this right of action, and accept a performance of the contract, and I think the plaintiff did so at the time of the tender of the 625 volumes. He then put his refusal to accept the same, not upon the former default or lapse of time, but solely upon the ground that the books were unmerchantable. Upon well settled principles, this was a waiver of all other objections to the tender, and if he was mistaken in this, the tender was good, and is a bar to this suit. 6 Bac. 450. 3 T. R. 554. 2 Bos. & Pul. 526.

But I am at a loss to discover any substantial reason for the rejection of the evidence offered by the plaintiff to shew that the books were unmerchantable. It is said by the judge, that the proof was inadmissible *under the pleadings*. The defendants gave evidence of the tender under a notice accompanying the general issue. The sufficiency of the tender, therefore, at least so far as the plaintiff is concerned, was unembarrassed by the pleadings. It cannot be necessary to enter into an agreement, or cite authorities to shew, that if the books were unmerchantable, either as to material or execution, the tender would be defective, and no legal performance of the agreement. 7 Bac. 450. Chip on Contr. 108. It was unnecessary to make it a part of the agreement on either side that the books should be printed in a skilful and workmanlike manner. The law implies this from the contract itself—exacting from every man common honesty in the execution of his agreements, without specially providing for it. The pleadings had nothing to do with this part of the case. The evidence of the

plaintiff had driven the defendants to their defence under the notice accompanying the general issue, and the evidence of the plaintiff was offered by way of rebutting it.

Much was said on the argument, and many authorities cited, to shew, that from the fact of these two parties being partners in the copy-right, the defendants had a right, as such partners, to print the 8th volume, according to their own discretion, and the plaintiff could not complain. But the obvious answer to all this is, that the very agreement was a dissolution *pro tanto* of the partnership as between the parties themselves, and therefore the foundation of the argument fails. It surely cannot be gravely pretended that these parties were not fully competent to make this agreement, and the obligation on the defendants to print in a workmanlike, or merchantable manner, necessarily grows out of the contract which they entered into, and is a consequence that cannot be avoided, without destroying the contract itself. There is no principle or authority which will inhabit such a contract between parties, because they *may be partners in the subject matter of it.* They may bind themselves by a private agreement concerning the partnership business, but so far as third persons may be interested, it would be inoperative as to them.

Upon the whole, I am satisfied that the plaintiff could not recover upon the evidence on the contract as to Phillip's Evidence, but that the judge erred in excluding testimony that the 8th volume was not printed in a merchantable or workmanlike manner, in answer to the evidence of tender.

New trial granted, costs to abide the event.