FRIESS *v*. RIDER.

The vendor in a contract for the sale of land being in default, and the time extended for his convenience, the vendee may insist upon strict performance at the very hour appointed.

The vendor again making default, but tendering performance after the lapse of three hours, the vendee is not required to assign any reason for his refusal to accept it, and it is, therefore, immaterial that he assigns a reason which is not well founded in fact.

*So held* in an action by the vendor for stipulated damages, where the vendor, on the day for giving his deed, the vendee being then ready with his money, requested a postponement to a fixed hour the next day. At the time appointed the vendee attended, and, after waiting three hours, departed. At a subsequent hour of the same day, the vendor tendered a deed, and the vendee stated, as reason for declining, not the lapse of time, but waste of the premises, which was not supported by the facts.

The case of *Gould* v. *Banks* (8 Wend., 562), considered and limited, *per* ALLEN, J.

APPEAL from the Supreme Court. The facts on which its decision was based were these: On the 2d day of July, 1854, the plaintiff agreed in writing to sell and convey to the defendant a house and lot, and to deliver the possession of the same to the defendant on the 2d day of April, 1855. In the same contract the defendant agreed to pay the plaintiff, in consideration therefor, the sum of one thousand dollars on the said 2d day of April, 1855. On that day the defendant went to the house of the plaintiff with one thousand dollars for the purpose of making payment, and the plaintiff was not then ready to receive the money or execute the deed. It was then and there agreed, by parol, between the parties, that they

should postpone the time of payment, and execution and delivery of the deed until the next day; and that they should meet the next day at one o'clock, at the office of one Henry Smith, and perform the conditions of said contract. On the 3d day of April, 1855, at twelve o'clock, the defendant and William B. Borst came to the office of Henry Smith with one thousand dollars, and remained there until three o'clock, and then left. The plaintiff did not come there while the defendant was there. Soon after the defendant left said office, the plaintiff came there. About four o'clock in the afternoon of the said 3d of April, 1855, the plaintiff tendered to the defendant a deed of the premises in question, duly executed by the plaintiff and his wife to the defendant, dated April 2d, 1855, and duly acknowledged, April 3d, 1855, together with the key of said house, which the defendant at that time declined to receive, on the ground that the house was out of repair, or that waste had been committed upon the premises, and Borst, who was to furnish the defendant with the $1,000, said he had parted with five hundred dollars of the money that afternoon.

The evidence failed to establish the commission of any waste.

The referee, before whom the trial was had, ordered judgment for the plaintiff for $200, the sum fixed by the contract as stipulated damages. This judgment having been affirmed at general term in the third district, the defendant appealed to this court.

*Henry Smith*, for the appellant.

*James H. Ramsey*, for the respondent.

ALLEN, J. The plaintiff not being in a condition to perform the contract on his part on the day fixed for that purpose, the defendant being ready and offering to perform, for the convenience and at the request of the plaintiff, performance on that day was waived by the parties and the time extended

until the next day at one o'clock; and a place for the performance was agreed upon by parol.

This parol extension was valid and operated to continue to the parties all their rights under the contract over to the time fixed for its final performance. Every other stipulation in the contract remained in full force; and the only effect of the arrangement was to substitute another day and agree upon a place for the delivery of the deed and the payment of the purchase-money. (*Dearborn* v. *Cross*, 7 Cow., 48.) The contract was continued alive, and neither party lost the right to insist on a strict performance at the time agreed upon by parol, or in default thereof the payment of the liquidated damages. (*Esmond* v. *Benschoten*, 12 Barb., 366; *Hasbrouck* v. *Tappen*, 15 John., 200.) The mere extension of time is not a waiver of anything. An enlargement of the time for making an award does not dispense with the stipulation to make the submission a rule of court. (*Evans* v. *Thomson*, 5 East., 193.) The contract here was not sealed, so that the question as to the effect of a parol agreement upon a sealed executory contract, made before breach, does not arise, which was the question in *Delacroix* v. *Bulkly* (13 Wend., 71). But as performance of a covenant may be waived by parol, there seems to be no objection to an extension of time, which is but a temporary waiver of performance by parol. In *Fleming* v. *Gilbert* (3 John., 528), it was held that the time of the performance of the condition of a bond may be enlarged by parol agreement of the parties. (*Stone* v. *Sprague*, 20 Barb., 509.) Assuming, therefore, the enlargement of the time of performance to be valid, and that all the other stipulations remained in full force, the parties were only bound to each other according to the contract thus modified as to the time and place of performance. Each could require performance of the other the next day at one o'clock at the office of Mr. Smith, and at no other time or place. Certainly the party making default at that time could not put the other party in default by a subsequent offer of performance. The agreement was not for an enlargement of the time until one o'clock the next day or such other time as

should suit the convenience of either party. The plaintiff was in default on the day named in the contract; and the defendant being then ready and offering to perform on his part, might have had his action against the plaintiff without a formal tender of the money. The plaintiff was not then in a condition to perform and so declared, and a formal tender would have been nugatory. (*Bellinger* v. *Kilts*, 6 Barb., 273; *Buck* v. *Burk*, 18 N. Y., 337.) This cause of action was waived by the defendant. On the next day at the hour named the defendant was at the place agreed upon, and remained two hours ready and expecting to perform the contract, and the plaintiff did not appear. There was no formal offer or display of the money at the office; and whether, without some formal act of the kind and public demand of performance, the plaintiff could have been subjected to an action, is not material to inquire. He was certainly in default, and in no situation to subject the defendant to a penalty for non-performance. If the plaintiff had not, by his neglect and default subjected himself to an action, then the only effect of his non-attendance and the omission of the defendant to assert his rights under the contract was an abandonment of the contract by mutual consent. The plaintiff had occasioned the necessity for the delay, and the enlargement was but the giving of time to him to perform on his part, and to relieve him from the consequences of a default already incurred. When the demand was made, the time having elapsed, the defendant was not bound to accept performance or give any excuse for non-acceptance; and whether he gave a true or false reason is not material. Within the case of *Gould* v. *Banks* (8 Wend., 562), the offer, although too late to secure to himself any rights under the contract, or subject the defendant to the penalty for non-performance, might have been in season to deprive the defendant of the cause of action already accrued if he had assigned a reason false in fact, and, by silence on the subject, waived the true reason which he might have assigned and insisted upon, to wit, the lapse of time. That is the extent to which *Gould* v. *Banks* goes, and the principle ought

Friess *v.* Rider.

not to be extended, certainly not to give a party grossly in default an action for a penalty. If the contract was rescinded and abandoned as suggested, it could not be renewed without the consent of both parties; and it is not material that the reasons assigned by either for declining to treat it as still in force are either frivolous or false. He may refuse to renew the contract without being responsible for his reasons. If the contract had been broken by the plaintiff, then the most he could do was to satisfy and discharge the cause of action against himself; and a discharge of that did not restore the contract and give him an action against the party who had kept his promise. But the judgment of the court below has not the support that the defendant, by not urging the lapse of time as a reason for not accepting the deed, when offered, waived it, and thereby consented to treat the contract as still in force. He did say, as one reason why he could not then comply with the request of the plaintiff, that Borst, from whom he was to have the money, had, after waiting until three o'clock for the plaintiff to come, parted with or made other use of a part of his money. What is that but saying, "It is too late? Up to three o'clock I would have accepted the deed; but now I am not in a situation to do so." This fact the referee has found, but in his conclusion of law ignores it entirely. But without this I am of the opinion that judgment should have been for the defendant, and that no act of the plaintiff, after the time agreed upon for performance had passed, the defendant being at the place ready at the time to perform on his part, could give the plaintiff an action for the damages liquidated by the parties to be paid as the ascertained damages for a default in the performance of the contract.

The judgment must be reversed and a new trial granted, costs to abide the event.

All the judges concurring,

Judgment reversed and new trial ordered.