## NEW YORK COMMON PLEAS.

WILLIAM H. ARNOUX agt. J. SMITH HOMANS, Jr.

Equity will not compel a *specific performance*, where the parties have afterwards *agreed to rescind the contract*. And where the evidence upon that point is *conflicting*, the finding of the judge at the trial is *conclusive*, and cannot be reversed.

*New York General Term, August*, 1863.

DALY, BRADY and HILTON, *Judges*.

APPEAL by defendant from a judgment in favor of plaintiff for the recovery of an amount of money paid to defendant by plaintiff, on a contract for the conveyance of real estate, upon finding that the contract had been rescinded by the parties, and adjudging that a specific performance of the contract could not be ordered.

By the court, DALY, F. J. The question whether the parties agreed to rescind the contract was a question of fact, and as the evidence upon that point was conflicting, the finding of the judge at the trial is conclusive, and cannot be reversed.

On the day fixed for performance the defendant was unable to convey, as there was an existing incumbrance upon the property, the plaintiff being ready and willing to perform on his part. As this was a breach of the cove-

nant to perform, it was competent for the parties, after that had taken place, to agree by parol to rescind the written contract. (*Goss* agt. *Lord Nugent*, 5 *B. & Ad.*, 65 ; *Delacroix* agt. *Bulkley*, 13 *Wend.*, 71 ; *Fries* agt. *Ryder*, 24 *N. Y. R.*, 367 ; *Benedict* agt. *Lynch*, 1 *John. C. C.*, 370.) The consideration to the defendant was his release from a covenant which he was then unable to perform, and the consideration moving from him to the plaintiff was the implied agreement to return to the plaintiff the sum he had paid as a part of the purchase money. The defendant said that he wished to give up the contract ; that he would rather not give the deed than get a release of the mortgage. The plaintiff answered that as his brother was to advance the money he wished to see him before deciding. The parties then separated. The plaintiff saw his brother that day, and a day or two after sent a letter to the defendant. This letter, though given in evidence, is not inserted in the case ; but we must assume, in consonance with the judge's finding, that it was an assent to the defendant's proposal, as it contained a request for the repayment of the $300 and the interest upon it. The plaintiff having given his assent, the present agreement to rescind the written contract became binding upon both parties. The defendant was then bound to return the money he had received, and he could not, by his tender of a deed and a release of a mortgage some ten days afterwards, compel the plaintiff to take the property and perform the conditions of the rescinded written contract. (*Fries* agt. *Ryder*, 24 *N. Y.*, 367.)

It is urged that though the defendant made default upon the day fixed for performance, he became able to and offered to perform within a reasonable time afterwards ; and as courts of equity relieve in such cases and compel a specific performance, the defendant should have the benefit of that equitable rule here, and not be compelled . to repay the $300 to the plaintiff. The short

answer to this suggestion is, that equity would not compel a specific performance where the parties have afterwards agreed to rescind the contract.

The judgment should be affirmed.