ANTHONY R. MAICAS, Respondent, *v.* LEON LEONY, Appellant.

Where, in an action for the dissolution of a copartnership and for an accounting, an order was entered by consent referring it to a referee named to hear and determine the issues, to take and state the accounts and report the amount for which judgment should be entered in favor of either party against the other, and where, upon the report of the referee, which did not contain separate findings of law and of fact as required by the Code of Civil Procedure (§ 1023) and was otherwise informal and incomplete, an interlocutory judgment was entered, *held,* that the Supreme Court had power to set aside the report and the judgment, and with the exercise of its discretion in this · respect this court could not interfere; but that in the absence of allegations of misconduct on the part of the referee the Supreme Court had no power to set aside the order of reference and all proceedings under it and to refer the case to a new referee to try the same, *de novo,* but should have sent the case back to the referee; also, that a provision in the order that the evidence already taken might, by the consent of both parties, be read before the new referee, did not validate it.

*It seems,* if the referee committed any errors of·law or fact, the remedy was by appeal from the judgment entered upon his report.

(Argued March 5, 1889; decided March 19, 1889.)

APPEALS from two orders of the General Term of the Supreme Court in the first judicial department, made November 23, 1888, one of which affirmed an order of Special Term vacating and setting aside the report of a referee and an interlocutory judgment entered thereon, and directing the appointment of a new referee; the other affirmed an order of Special Term denying a motion on the part of defendant for the appointment of a referee in the place of one previously appointed, to proceed ·with the duties of the reference.

This was an action for the dissolution of a copartnership and for an accounting between the partners.

The issues made by the pleadings was referred by consent to a referee named, he also to take and state the accounts and report what judgment, if any, should be rendered in favor of either party against the other. At the time of the granting of the order of reference plaintiff was appointed a receiver of the partnership assets.

The following is the opinion, save the direction as to order, which is stated below:

"What is called the report of the referee in this case is quite informal and incomplete. It does not contain separate findings of law and of fact as required by the Code (§ 1022), and such findings as are contained therein are so commingled with what appears to be the opinion of the referee that it is difficult in some respects to distinguish the one from the other. It was, therefore, within the power of the Supreme Court to set aside the report and the interlocutory judgment which was entered *ex parte* thereon. Whether it would set them aside was a matter of practice resting in its discretion, with the exercise of which we cannot interfere.

"But the court went still further and set aside the order of reference and all proceedings thereunder, and appointed a new referee to try the case *de novo*. There had been a long trial before the referee, his fees being $1,365 and the stenographer's $400, and the expenses for counsel must have been considerable. All this expense was incurred by the defendant, and the court could not arbitrarily, without some reason sufficient in law, nullify all that had been done under the order of reference. The action was referred by consent to the referee named to determine all the issues and to take and state the account between the parties, and report the amount for which judgment should be entered in favor of either party against the other. There is no allegation of misconduct on the part of the referee. It is simply alleged that he committed some errors and that he did not complete the reference by taking all the accounts and stating the balance and ordering judgment for such balance. But he took all the evidence offered by either party. Both parties rested their case; both asked him to order an interlocutory judgment, and both submitted their requests to find upon the law and the facts. As there was firm property in the hands of the receiver undisposed of, the case was not then in condition for final judgment, and, so far as the facts now appear, was one eminently proper for an interlocutory judgment. Under the order of reference the referee should go on, so far as he can, and take all the proof which either party may offer with reference to the accounts and settle all the accounts so far as that

is possible in the present condition of the affairs of the firm; and after that, if there is property on hand yet to be disposed of, and which will thereafter have to be converted by the receiver and accounted for by him, such a judgment may be entered as the referee will be able to order, and a further accounting may be had in the future with reference to the balance of the assets. Under such circumstances, upon such allegations and facts as appear here, we know of no authority or power in the Supreme Court arbitrarily to set aside the order of reference and all the proceedings thereunder and appoint a new referee.

"If the referee committed any errors of law or of fact, they cannot be corrected by a motion at a Special Term of the court to set aside the order of reference and all proceedings thereunder, but the orderly method prescribed by law for correcting them is by appeal from the judgment entered upon his report.

"After setting aside the report and the interlocutory judgment the court should have sent the case back to the referee that he might complete the trial thereof so far as he could go, and so far as the parties desired him to go, and thus both parties would have the benefit of the trial and the large expenditure that had thus far been incurred.

"The provision in the order that the evidence already taken may, by the consent of both parties, be read before the new referee, does not give the defendant all he is entitled to and secure all his substantial rights. The plaintiff may withhold his consent and then his evidence cannot be read and the new referee will not have the benefit of seeing and hearing the witnesses.

"If the referee has, in fact, been guilty of any misconduct, or if for any sufficient reason he is an improper person to proceed with the trial, the facts should be made to appear, and then the court would have jurisdiction to vacate the order of reference and to appoint a new referee to proceed *de novo*."

*Esek Cowen* for appellant.

*A. J. Dittenhoefer* for respondent.

EARL, J., reads for affirmance of order of General Term, which affirmed order of Special Term denying defendant's motion for the appointment of a referee to take and state the accounts, and for affirmance of the other order of General Term and the order of Special Term affirmed by it so far as they vacate and set aside the report of the referee and the interlocutory judgment, and for reversal of the said orders in other respects, so that the case may stand for further trial before the referee.

All concur.

Ordered accordingly.