HINDS *et al. v.* KELLOGG.

*(Common Pleas of New York City and County, General Term.* April 6, 1891.)

1. SALE—STATUTE OF FRAUDS.
    An order for the manufacture of circulars to be used exclusively in the business of the person giving the order, and not adapted to any other purpose, is not a sale, within the statute of frauds, and is not required to be in writing.

2. PERFORMANCE OF CONTRACT—ACCEPTANCE.
    The plaintiffs agreed to manufacture and deliver a quantity of soap wraps to the defendant "as soon as possible." Fifty days after approval of a design for the circulars, plaintiffs delivered a part of them, which defendant accepted and paid for. Plaintiffs tendered the remainder the next day, but defendant refused to accept them, on the ground of non-delivery in time. *Held*, that the agreement meant within a reasonable time, under particular circumstances, and that acceptance by defendant of a part of the wraps was conclusive upon him that the delivery was within a reasonable time.

3. APPEAL—OBJECTIONS NOT RAISED BELOW.
    The objection that a complaint does not sufficiently state a cause of action cannot be taken in an appellate court, when not made by demurrer or motion for dismissal at the time of trial.

4. REFERENCE—REPORT OF REFEREE.
    Code Civil Proc. § 1022, provides that the report of a referee "must direct the judgment to be entered thereupon." *Held*, that it is not thereby intended that the referee must formulate the judgment, but that the said provision is complied with if, from the report, the particular form and terms of the judgment to which the successful party is entitled can be ascertained and pronounced by the court.

5. APPEAL—WAIVER OF OBJECTIONS.
    Any irregularity in the entry of a judgment is waived by appeal upon the merits.

Appeal from city court, general term.

Action by Joseph E. Hinds and others against James E. Kellogg, for work, labor, and services and materials furnished, which defendant refused to accept, on the ground that the articles manufactured were not delivered within the stipulated time. There was a judgment for the plaintiffs, and the defendant appeals.

Argued before DALY, C. J., and BISCHOFF, Jr., and PRYOR, JJ.

*Isaac N. Miller*, for appellant. *J. E. Ludden*, for respondents.

BISCHOFF, J. The case on appeal omits the requisite certificate that it contains all the evidence adduced upon the trial, and we are confined in our inquiry to ascertaining whether the facts found by the referee support the judgment appealed from. *Porter* v. *Smith*, 107 N. Y. 531, 14 N. E. Rep. 446. About April 12, 1887, plaintiffs, at the request of the defendant, agreed to manufacture 100,000 circulars, to be delivered as soon as possible; and about July 7, 1887, at like request, further agreed to make 450,000 wraps, to be delivered during the following month of September. These circulars and wraps were designed exclusively for use in defendant's business, and not adaptable to any other purpose, and neither contract was therefore within the statute of frauds, and required to be in writing. *Manufacturing Co.* v. *Hoffman*, 3 Daly, 495; *Deal* v. *Maxwell*, 51 N. Y. 652; *Parsons* v *Loucks*, 48 N. Y. 17. The design for the circulars was approved by the defendant on May 3, 1887, and on June 24th following part of the circulars were delivered to, paid for, and accepted by the defendant; but when, on the next succeeding day, plaintiffs tendered the remainder, defendant refused to accept the same, on the ground that the delivery thereof was not tendered in time. A contract to deliver "as soon as possible" requires delivery "within a reasonable time." *Hydraulic, etc., Co.* v. *McHaffie*, 29 Moak, Eng. R. 102; Benj. Sales, (Bennett's Ed.) § 687; *Arthur* v. *Wright*, 10 N. Y. Supp. 368. And "reasonable time" is defined to be "so much time as is necessary, under the circumstances, to do conveniently what the contract required shall be done." Wells, Law & F.

p. 136, § 151, and cases cited; 2 Bouv. Law Dict. "Reasonable Time." What is or is not a reasonable time for the performance of the act required is therefore a question dependent upon the intention of the parties and the facts and circumstances of the particular case. Defendant urges, and the referee has so found, that it was possible for plaintiffs to deliver all the circulars within 10 days after approval of the design. This may well be, but it does not follow that, because it was possible to make delivery within less time, the time within which plaintiffs tendered the remainder of the circulars was any the less reasonable, under the definition of what constitutes a "reasonable time," above referred to. The unconditional acceptance and retention by the defendant of a portion of the circulars on June 24th, and his payment therefor, are conclusive upon him that the delivery thereof was reasonable, (*Reed* v. *Randall*, 29 N. Y. 358;) and, in the absence of all proof of any special circumstances, it would be an unwarranted and arbitrary assumption to hold that the next succeeding day was beyond the boundary line of reasonable time. Thus it does not appear, when the defendant requested delay in the delivery of the circulars until May 10, 1888, as found by the referee, that the plaintiffs were in default; and, the request having been acted upon by the plaintiffs, the defendant is estopped from claiming that an earlier delivery should have been made, and that the omission to make the same excused defendant from acceptance on May 10, 1888, on which day the remaining circulars appear to have been duly tendered. *Friess* v. *Rider*, 24 N. Y. 367.

So, too, the agreement by plaintiffs to deliver the wraps during the month of September, 1887, gave them the entire month within which to make such delivery, and the defendant's request for delay until May following having been made and acquiesced in before the expiration of the month, and not appearing to have been withdrawn, the plaintiffs are not chargeable with default in delivery, and no new consideration was required to support the defendant's promise to accept the wraps in May. *Friess* v. *Rider*, *supra*.

There is no force in appellant's contention that the judgment appealed from should be reversed because the allegations of the complaint are insufficient to constitute a cause of action. If the complaint was not sufficient in this respect, defendant's remedy was by demurrer or motion for dismissal at the time of trial. Of neither did he avail himself, and evidence of all facts essential to plaintiffs' recovery was received on the trial. In such a case the appellate court will disregard any insufficiency of the pleadings, (*Knapp* v. *Simon*, 96 N. Y. 284,) and, if necessary in support of the judgment, direct an amendment to conform to the proof, (*Reeder* v. *Sayre*, 70 N. Y. 180; *Harris* v. *Tumbridge*, 83 N. Y. 92.) The case relied on by counsel for appellant (*Pope* v. *Manufacturing Co.*, 107 N. Y. 61, 13 N. E. Rep. 592,) is not to the contrary, and a careful examination will be convincing that the court decided nothing more than that it was error for the trial court to deny the defendant's motion for a dismissal of the complaint, the latter appearing to be defective, and the plaintiff failing to apply for leave to amend.

The objection as to the alleged omission to direct the judgment in the referee's report is equally untenable. Section 1022 of the Code of Civil Procedure provides that the report "must direct the judgment to be entered thereupon;" but this does not comprehend an instruction or command to the person whose duty it is to enter judgment to perform that duty. The word "direct," as used in this connection, is synonymous with the words "to point out," "to guide," "to show," "to regulate," (Webster's International Dictionary;) and as the Code fails to prescribe the particular manner in which the judgment shall be so directed, and the place in the report at which the direction shall appear, the judgment is sufficiently indicated to meet the requirements of the provision of the Code of Civil Procedure referred to if from the whole or any part of the referee's report the particular form and the terms

of the judgment to which the successful party is entitled can be ascertained. In the present case the referee's conclusion of law, in concise and unambiguous terms, states the amount of recovery to which the plaintiff is held to be entitled, and judgment thereupon was properly entered. The evident purpose of the requirement that, in a reference to hear and determine all the issues, the report should point out or indicate the judgment to be entered in the action, was to enable the clerk to comply with section 1228 of the Code of Civil Procedure, which authorizes him to enter judgment upon the report. If the report does not sufficiently point out the judgment to which the successful party is entitled, or because of some obscurity or ambiguity in the report a question as to the form of the judgment, or the terms thereof, arises, the defect is not fatal, and its effect is not to render the report a nullity. In such a case the party entitled thereto must apply to the court to frame or settle the judgment to be entered, (*Maicas* v. *Leony*, 22 Abb. N. C. 1, 8.[1]) In an elaborate note to the case last cited the learned author says: "If the referee decides the whole issues, that is to say, makes complete findings adequate for final judgment, and fails merely to direct the form of the judgment, the court has power to supply the deficiency, and if necessary, by reason of the absence or disqualification of the referee or otherwise, will do so. It may do so either by itself framing the judgment, or referring it to a referee to report a proper form of judgment. But, properly viewed, this is not an assertion of the power of the court to finish the trial of a cause which the referee has not completely tried, but only an exercise of the power of the court to instruct the clerk as to what judgment is in legal effect directed by the report when the referee has fully tried the cause, and fully reported, but merely failed to prescribe the form in which the record shall show it. * * * The function of the court in putting an informal report into the form of a judgment is really in aid of the clerical functions of the clerk, and not in aid of judicial functions of the referee." This appears to be a correct view, and we adopt it. An omission to apply to the court for judgment, where such application is necessary to the entry of judgment, is an irregularity only, and does not render the judgment void, (*Bissell* v. *Railroad Co.*, 67 Barb. 385;) the remedy is by motion to set aside the judgment, not by appeal, (2 Rum. Pr. p. 565; *People* v. *Goff*, 52 N. Y. 434; *Kenney* v. *Apgar*, 93 N. Y. 539;) and so long as the judgment is permitted to stand its validity is in no wise affected or impaired because of any informality in the entry thereof, (Code Civil Proc. § 721, subd. 11.) Such informality may be waived also by express stipulation, or by conduct which precludes the party from taking advantage thereof. An adoption of the judgment for the purposes of an appeal upon the merits of the controversy thereby determined constitutes such a waiver, as the appellant cannot assert the validity of the judgment on such appeal, and at the same time assert its invalidity because of a mere informality in its entry. *Valentime* v. *Heydecker*, 8 Wkly. Dig. 478. The judgment appealed from should be affirmed, with costs. All concur.