CAROLINE R. GARCZYNSKI, Respondent, v. DORR RUSSELL, Individually, and as Executor of and Trustee under the Last Will and Testament of LUCY G. RUSSELL, Deceased, and Others, Appellants.

*When a referee has no power to direct an interlocutory judgment — when he should take and determine an account between the parties.*

A referee, to whom all the issues in a case are referred by consent, has no authority to determine only a portion of the questions referred to him and to direct an interlocutory judgment, and that the court appoint another referee to complete the hearing. (MERWIN, J., dissenting.)

A portion of the relief demanded in a complaint was that an accounting should be made by the representatives of the estate of a decedent, and upon the stipulation of the parties that the case be referred to a referee to hear and determine an order was entered, directing "that the cause be and the same is hereby referred" to the referee named as "sole referee to hear and determine all the issues therein."

The referee made a report upon which an interlocutory judgment was entered, containing a finding that the plaintiff was entitled to the accounting demanded, and authorizing her upon proper notice to move for the appointment of a referee to take the same. There was no reason why the referee to whom the action was referred should not have taken such account.

*Held,* that under such an order the referee should have heard and determined all the issues made by the pleadings, and if, under the proof before him, the plaintiff was entitled to an accounting he should have taken and stated the account. (MERWIN, J., dissenting);

That it was the duty of the Special Term to set aside the report and send the case back to the same referee so that a final judgment might be entered. (MERWIN, J., dissenting.)

Without questioning the power of the court in a proper case to settle an interlocutory judgment upon the report of a referee, and to appoint another referee to take an accounting provided for by such judgment, yet, when all the facts which relate to the accounting exist at the time of the trial, so that the whole case can be disposed of as well then as before another referee, it is the duty of the referee to complete the trial, and state the account between the parties in his report, so that final judgment may be entered thereon. (MERWIN, J., dissenting.)

APPEAL by the defendants, Dorr Russell, as executor, etc., of Lucy G. Russell, deceased, and others, from an order of the Supreme Court, made at the Broome County Special Term on the 17th day of January, 1893, and entered in the office of the clerk of the county of Otsego on the 27th day of January, 1893, settling

the form of judgment to be entered in the action upon the report of the referee.

*Johnson & Lamb* and *E. M. Harris*, for the appellants.

*George M. Weaver* and *A. M. Beardsley*, for the respondent.

MARTIN, J.:

A portion of the relief demanded in the plaintiff's complaint was that an accounting should be had by the estate of Lucy G. Russell, and the interlocutory judgment entered in pursuance thereof contained the following provision: "*Fourth.* That the plaintiff is entitled to have a fair and full accounting of the estate of the said Lucy G. Russell, and particularly of the said railroad stocks, securities and other property transferred to the said Lucy G. Russell by the said Dorr Russell, and of the proceeds and avails thereof, and of all moneys and property received by her, directly or indirectly, from the said Dorr Russell, and of the rents, issues and profits thereof and of .the said real estate. And the said defendants are, and each of them is, hereby ordered and required to discover and answer as to the same upon their several oaths. The plaintiff is hereby authorized, upon proper notice to the attorneys for the defendants, to move for the appointment of a referee to take such account, such appointment to be made by order to be entered at the foot of this decree. If it shall appear on said accounting that the said Lucy G. Russell paid anything from her own personal estate for the said railroad stocks and securities, then that an account be taken of the moneys so paid, and also of the moneys, property and profits received by her,' or by any other person for her use, or by the defendants, or either of them, and the balance, if any, remaining unpaid and due to her or her estate. That upon such accounting the defendants and the estate of the said Lucy G. Russell be charged with any and all moneys and property paid by said Dorr Russell, directly or indirectly, upon the said Edward Clark mortgage since the conveyance of the mortgaged property to the said Lucy G. Russell, and with the said railroad stocks, securities and other property transferred to her by the said Dorr Russell."

Thus the matters which were referred to a referee to hear and determine were only partially tried, or at least but partially deter-

mined. The more important questions involved in the case were: (1) As to what interest the estate of Mrs. Russell had in the real estate mentioned in the complaint by reason of having paid the Clark mortgage or otherwise; (2) how much she in fact paid towards the railroad stocks and other property which stood in her name. The referee's report, and the judgment entered in pursuance of it, direct that these important matters shall be referred to another referee to hear and determine, after the entry of an interlocutory judgment, which is, in many respects, inconsistent with such a reference.

The learned referee to whom this action was referred, instead of taking the accounting and determining the amount of the property, if any, which came into the possession of the estate of Lucy G. Russell, for which it was liable to account to the plaintiffs, under the facts as found by him, held as a conclusion of law that the plaintiff was entitled to have a fair and full accounting as stated in the demand of the complaint relating to that subject. The order appointing the referee was entered upon the stipulation of the parties, made in open court, that the case be referred to the referee named to hear and determine, and the order entered in pursuance thereof was "that the cause be and the same is hereby referred" to the referee named "as sole referee to hear and determine all the issues therein."

Under this order the referee should have heard and determined all the issues made by the pleadings, and if, under the proof before him, the plaintiff was entitled to an accounting, he should have taken and stated the account. It was not the intention of the parties, or of the court, that only a portion of the questions involved in the case should be determined by the referee, and that those remaining should be determined by another and different referee to be subsequently appointed. It is obvious that the court and both parties intended that such a determination of the case should be made by the referee as would entitle the party succeeding to a final judgment in the action.

We know of no authority to justify a referee in determining only a portion of the questions referred to him, and then to direct an interlocutory judgment, and that the court appoint another referee to complete the hearing, where the whole case is referred to him by

the consent of the parties. In this case no reason is apparent why the referee could not have taken the accounting demanded in the complaint as well as another referee to be subsequently appointed. The subject of the accounting related not to matters which might arise in the future, so that a supplemental hearing and report might be necessary, but entirely to transactions which were past, and as to which he might well have taken an accounting. It was the duty of the referee on the trial to take the proof of the respective parties, take an accounting of the matters referred to, settle and determine the account upon the trial before him, and thus complete the hearing and determination of the case. His report was not only informal, but incomplete. We think it was proper for the Special Term to set aside the report and send the case back to the same referee, so that a final judgment might be entered, as was plainly contemplated by the court and parties when the reference was ordered. (*Maicas* v. *Leony*, 113 N. Y. 619; 22 N. Y. St. Repr. 149.)

The orderly method of trying this case, as well as the rights of the defendants under their stipulation and the order appointing the referee, required that the whole case should be fully tried and determined by him. Therefore, the Special Term, instead of settling the judgment upon the report as it stood, and providing for another reference not contemplated by the defendants, should have sent the case back to the referee to complete the trial thereof. If it be said that no such motion was made, yet the notice of motion was for a settlement of the judgment and for such other relief as the court might grant. Under this notice we think the court should have, at least, refused to settle any judgment until the reference was fully completed, so that a final judgment might be entered. Good faith to the defendants required this.

Without questioning the power of the court in a proper case to settle an interlocutory judgment upon the report of a referee, and to appoint another referee to take an accounting provided for by such a judgment (*Mundorff* v. *Mundorff*, 1 Hun, 41; *Seymour* v. *Spring Forest Cemetery Assn.*, 19 N. Y. Supp. 100), we think that where, as in this case, all the facts which relate to the accounting exist at the time of the trial, so that the whole case can be disposed of as well, and with less expense to the parties, than before another referee, it is the duty of the referee to complete the trial and state

the account between the parties in his report so that a final judgment may be entered thereon. It was said by DANIELS, J., in *Mundorff* v. *Mundorff:* "Ordinarily, where the whole issue is referred, it is no doubt the duty of the referee to take, state and adjust the accounts of the parties on the basis on which, by his decision, he may settle their rights; for, as a portion of the issues, that is included within the reference provided for."

We are of the opinion that the proper and orderly disposition of this case requires a reversal of the order of the Special Term settling the form of the judgment herein, and that the parties have leave to apply to the Special Term for an order setting aside the report of the referee and sending the same back to him to complete the trial thereof, so that a final judgment may be entered upon his report. Such a disposition of the case will, we think, better serve the ends of justice and the interests of all parties, be more in keeping with the intention of the parties when the case was referred, and present the questions on appeal, if a subsequent appeal shall be taken, in a manner to be better understood and more correctly decided than to leave it in its present incomplete, inconsistent and somewhat confused condition.

HARDIN, P. J., concurred.

MERWIN, J. (dissenting):

Upon this appeal the only questions, as it seems to me, are whether the plaintiff was entitled to have the form of the judgment settled at Special Term, and, if so, whether the form as settled corresponded substantially with the directions in the report.

A referee, in a proper case, has the right to grant an interlocutory judgment, and such judgment can be reviewed upon a motion for a new trial (§ 1001 of Code), or, as the Code now stands, by appeal from the judgment. Whether in the present case an interlocutory judgment was properly granted is a question not before us on this appeal, but is one which might arise on a direct proceeding to review the decision and judgment. There exist in this case no such imperfections as existed in the case of *Maicas* v. *Leony* (113 N. Y. 619), and by reason of which the Court of Appeals said that the Supreme Court in its discretion had power on motion to set the report aside.

No question is made here that the Special Term did not have

power to settle the decree. The plaintiff had, I think, a right to have it done. If the order as made does not settle it so as to conform to the directions in the report it should be modified, but not set aside absolutely.

Order of Special Term settling the form of the judgment to be entered on the report of the referee and judgment entered thereon set aside, with ten dollars costs and disbursements, with leave to either party to apply .to the Special Term for an order sending the case back to the referee to complete the hearing and determination thereof.