MARY MANNING, Respondent, v. JOHN B. MANNING, Appellant.

*Reference in an equity case — discretionary powers of the referee to take or order an account.*

A referee to whom a suit in equity has been referred has the power to make a report directing the entry of an interlocutory judgment declaring the rights of the parties and directing that an accounting be had. Where the suit is of such a nature that the referee is called upon to determine whether an interlocutory judgment should be entered after determining the rights of the parties, or whether the accounts should be taken in addition and the whole matter be included in his report as a basis for final judgment, he is at liberty to determine which course is the proper one to pursue, and with his exercise of this discretionary power the courts will not interfere unless it appears that there has been an abuse of discretion.

APPEAL by the defendant, John B. Manning, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on

the 8th day of April, 1895, granting the plaintiff's motion to set aside a referee's report and the interlocutory judgment entered thereon.

*Thomas M. Rowlette* and *John A. Straley*, for the appellant.

*Robert D. Murray*, for the respondent.

PER CURIAM:

The learned judge at Special Term, in his statement of the reasons which persuaded him to set aside the report of the referee directing the entry of an interlocutory judgment, requiring the defendant to account to the plaintiff for all " interest, income and profits arising out of or resulting from the account opened by him in her name, * * * and that he pay over and deliver to her all certificates of stock, bonds, bank notes, money or other property which, upon said accounting, may be found so to be due to her," and the interlocutory judgment entered thereon, conceded that in some cases a referee has the power, and it is also his duty to report in favor of an interlocutory judgment. This concession is in accordance with the practice as settled in *Mundorff* v. *Mundorff* (1 Hun, 41). In that case it is held that the practice in vogue prior to the adoption of the Code of determining the rights of parties in suits at equity in the first instance and declaring such rights by an interlocutory decree, which also provides for the manner in which the accounting should be had, and referring the case to a master for that purpose, still continues in full force, and that a report of a referee to hear and determine sustains all the relations to the case that the former interlocutory decree did in hearings had in the Court of Chancery.

The order of reference in that case was " to hear and decide all the issues in the action, and to take any account that he may determine should be taken ; " the referee made a report deciding the equitable rights of the parties and directing an accounting. Subsequently, on motion of plaintiff's attorney, an order was made at Special Term referring the case to another referee to take and state the account, and the question of practice was presented by an appeal taken from that order. This case has been frequently cited with approval. (*Hathaway* v. *Russell*, 45 N. Y. Super. Ct. 538, and note ; affd., 46 id. 103 ; *Seymour* v. *Spring Forest Association*, 45

N. Y. St. Repr. 520–527; *Produce Bank* v. *Morton*, 40 N. Y. Super. Ct. 328–337.

It has not been criticised, so far as we have observed, although the conclusion was reached in *Garcznski* v. *Russell* (75 Hun, 495) that under such an order of reference the referee should hear and determine all the issues made by the pleadings, and if the proof entitled the plaintiff to an accounting, that the referee should take and state the account as a part of his report.

We do not understand that case, however, to deny that a referee has the power in certain cases to report in favor of an interlocutory judgment, for in the opinion expressing the views of a majority of the court it is distinctly stated that the power of the court, in a proper case, to settle an interlocutory judgment upon the report of a referee, and to appoint another referee to take the accounting provided for by such judgment, is not questioned.

But were it otherwise, we should still feel called upon to concur in the position taken in *Mundorff*'s case and the authorities following it, to some of which we have referred.

Conceding the power of a referee, in any suit in equity, to make a report directing the entry of an interlocutory judgment declaring the rights of the parties, and directing that an accounting be had, it is difficult to see any basis for the order under review.

This was a suit in equity, the plaintiff claiming certain rights and interests which the defendant denied. If found in her favor, she was entitled to an accounting from the defendant in order to ascertain what interest, income, stocks, bonds and other chattels she was entitled to from him. It may well be that in this particular case it would have been better for all the parties had the referee taken and stated the account in his report, upon which could have been entered a final judgment.

The Special Term was impressed with this view, and it is not unlikely that its view, rather than the referee's, was the correct one, although, judging from the meagerness of the record before us, the referee had an advantage in passing upon that question, because he had the evidence before him. But as this was a suit of such a nature as called upon the referee to determine whether an interlocutory judgment should be entered after determining the rights of the parties, or whether the accounts should be taken in addition and the

whole matter included in his report as a basis for final judgment, he was at liberty to determine which course was the proper one to pursue. And with his determination of the manner in which he should exercise such discretion, the courts should not interfere unless it appears that there was an abuse of discretion.

This question was before the court in *Palmer* v. *Palmer* (13 How. Pr. 363), where the court said : " The mode of conducting its trial, therefore, must be within the discretion of the referee, so far as relates to all questions within the ordinary discretion of a judge on the trial of a cause. If this cause had been tried in court, the judge would most likely have gone so far as to make an interlocutory order or decree for an account, and then have referred it to a referee to take and state the account. But it would have been entirely competent for one of the judges of this court at Special Term to have gone on and tried the whole cause, and taken and stated the account, and found its result, as the referee has done here." The argument of the court was, that the trial is to be conducted before a referee as before one of the judges of the court, and for the purposes of the trial and disposition of the cause he has, for the time being, the ordinary powers of the court. This referee might have disposed of all of the questions, including the account, in a report for final judgment, but having in mind the power of the court at Special Term and of referees appointed by the court in such cases, he reached the conclusion, as we must presume, that under the facts of this case it was his duty to direct the entry of an interlocutory judgment.

Certainly, there is nothing in this record which warrants the court in holding that there was in this case an, abuse of the discretion which the law confers.

The order should be reversed, with ten dollars costs and printing disbursements.

Present — VAN BRUNT, P. J., O'BRIEN and PARKER, JJ.

Order reversed, with ten dollars costs and disbursements.