CARL E. DAVIS and Others, Respondents, *v.* TIMOTHY F. HORAN and Others, Defendants, Impleaded with J. EARL HAY and Others, Appellants.

Third Department, March 15, 1933.

*Seybolt & Seybolt [Alva Seybolt* of counsel], for the appellants.

*Harold C. Vrooman,* for the respondents.

PER CURIAM. Plaintiffs, copartners with defendants in a joint venture, have procured judgments for varying amounts against certain of the appellants. The complaint is prolix with recitals of evidentiary claims of doubtful materiality, all intended doubtless to show plaintiffs' rights and cause of action in equity for an accounting in the joint venture and partnership. This together with the evidence and findings indicate the judgments are founded upon dual theories and causes which may not be merged. Evidence intended to show that defendants had not made agreed payments and contributions to the partnership funds was supported by other proof tending to indicate that plaintiffs or some of them to their damage were induced by fraudulent representations made by defendants or some of them to become partners or joint venturers. Under this hybrid theory the judgments were recovered for the benefit of the partnership to be applied to its debts and for distribution generally among the partners. Judgments for unpaid partnership subscriptions would be proper in this accounting action, but a cause of action for loss occasioned by fraud would be personal to the one defrauded and a recovery would inure to his sole benefit.

Also, our attention is not called to the authority under which a referee to hear and determine may appoint a receiver of the subject-matter of the suit.

While dissolutions and an accounting may be had in equity, the parties may deem it a simpler remedy to have recourse to the Partnership Law.

All concur; RHODES, J., with a memorandum.

RHODES, J. The attempted appointment of a receiver by the referee was unauthorized. (*Garczynski* v. *Russell,* 75 Hun, 492.) It seems to me that the decision of the referee is, in substance and effect, interlocutory, and that the clerk had no authority to enter judgment thereon without application to the court. All the issues having been referred for hearing and determination, it was incumbent on the referee to determine the whole matter. It is only where the decision disposes of all the issues that the clerk may enter judgment thereon without application to the court. (*Maicas* v. *Leony,* 50 Hun, 178; *Garczynski* v. *Russell, supra;* Civ. Prac. Act, § 470; Rules Civ. Prac. rule 198.)

While the foregoing questions have not been specifically raised, the situation presented requires that the judgment be reversed and a new trial granted in the interest of orderly procedure.

Judgment reversed on the law and facts, and new trial granted, with costs to the appellants to abide the event.

The court reverses findings of fact numbered three, fourteen, sixteen, seventeen, eighteen, twenty-one, twenty-four, twenty-six, twenty-seven, thirty, fifty-three and seventy.