# SUPREME COURT.

## OTIS B. HOWE and BENJAMIN F. SKINNER vs. JAMES MUIR.

The *court* and not the referee, must take the order for an extra allowance under § 308 of the code; so held, where the referee who tried the cause found a verdict for plaintiff, and then found "*that the cause was unreasonably defended within the meaning of section* 308 *of the code.*" (See *Gould* agt. *Chapin, ante,* page 185.) This extra allowance cannot be granted on an *ex parte* application to the court.

Application for a per centage under section 308 of the code.

J. P. WHITTEMORE, *for the plaintiff,* presented the report of a referee finding in favor of the plaintiff the sum of $123.59. "*And that this cause was unreasonably defended within the meaning of section* 308 *of the Code of Procedure.*

GRIDLEY, Justice.—This application must be denied, for several reasons.

1. The *court,* and not the referee, makes the order for the extra allowance, and, of course, the court itself must decide *whether "the prosecution or defence has been unreasonably or unfairly conducted."* In this case no facts are presented to the court, upon which a decision can be based. The referee has assumed to decide that that question; and the court is left to perform only the formal duty of making the order. The referee had no power to pass upon this point. The statute has given it to the court alone.

2. It will follow, from what has been said, that the order cannot be granted on an *ex parte* application. When the cause has been tried by a referee, the court can decide upon the propriety of granting the allowance, only on a view of the facts on which the charge of unfairly or unreasonably conducting the defence is predicated, and those facts can be brought to the knowledge of the court only by an affidavit. Such was the practice under the provisions of the Revised Statutes, by which executors were charged with costs for " *unreasonably resisting or neglecting* " the payment of a demand. (6 Hill, 386 ; 22 Wend. 271 ; 9 id. 488 ; 6 id. 554.) The affidavit may be explained or contradicted. To enable the party to do this, he must have notice of the motion and of the grounds on which the application is made.