PINSKER et al. v. PINSKER et al.

(Supreme Court, Appellate Division, Second Department. November 21, 1899.)

1. JUDGMENT ON REFEREE'S REPORT—ISSUE AS TO COUNTERCLAIM—REPORT.
    Where an issue as to a counterclaim was properly submitted to a referee, and there was evidence to support it, his report should show that he disposed of it; otherwise, judgment for plaintiff must be reversed.
2. SAME—REVERSAL—REMISSION—RESUBMISSION.
    Where a judgment on a referee's report is reversed and the report set aside, the cause should be remitted to the same referee, where there is no suggestion of misconduct on his part.
3. COSTS—APPLICATION FOR EXTRA ALLOWANCE—TO WHOM MADE.
    An application for an extra allowance should be made to the court, and not to the referee to whom the case was referred.

Appeal from judgment on report of referee.

Action by Fred J. and George J. Pinsker against Adolph and Julius A. Pinsker. From a judgment for plaintiffs entered on the report of a referee, defendants appeal. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, and HATCH, JJ.

John W. Weed, for appellants.

K. C. McDonald, for respondents.

CULLEN, J. The action is brought to compel the defendants to account for the proceeds of certain property transferred to them by the plaintiffs under an agreement by which such property was to

be converted into money, and its proceeds applied to the payment of plaintiffs' debts, and the surplus returned to them. The answer, after putting in issue certain allegations of the complaint, set up as a counterclaim an indebtedness of the plaintiffs to the defendants for which an affirmative judgment was asked. The referee made his report, by which he found that the defendants were indebted to the plaintiffs on account of the property so transferred in the sum of $1,024.81. The report, however, makes no disposition of the counterclaim, and contains no allusion to it. Evidence in support of the counterclaim was given on the trial, and no ruling was made by the referee dismissing it. The issue of the counterclaim seems to have been submitted with the other issues in the case to the referee for decision.

We are of opinion that the judgment cannot be sustained. The referee was appointed to hear and determine all the issues in the action, and it was his duty to have disposed of the whole controversy. Garczynski v. Russell, 75 Hun, 492, 27 N. Y. Supp. 458; Maicas v. Leony, 113 N. Y. 619, 20 N. E. 586. The case involves a long account, with numerous items on each side. The learned counsel for the respondents claims that the referee did dispose of the counterclaim. This, however, does not appear. The referee does not give the items which which he credited either party, but simply the net balance or result. It is not possible, therefore, to say that he considered any of the items of the counterclaim, and the language of the report would seem to negative that contention. Nor can we affirm this judgment without prejudice to defendants' right of action on their counterclaim. Assuming that that counterclaim could have been interposed in the action, the law gave the defendants the right to interpose it, and, to its amount, to defeat or offset the plaintiffs' claim. Of this right the defendants cannot be deprived. If it be claimed that the counterclaim was improperly interposed, then the defendants had a right to a ruling on that objection, which, if adverse to them, they might review on appeal. Under these circumstances, we think the judgment must be reversed and the report set aside; but, as there is no suggestion of misconduct on the part of the referee, that, in accordance with the decision in Maicas v. Leony, supra, the cause should be remitted to the same referee to hear and determine.

The application for an additional allowance should have been made to the court, not to the referee. Howe v. Muir, 4 How. Prac. 252; Osborne v. Betts, 8 How. Prac. 31; Dode v. Railway Co., 70 Hun, 374, 24 N. Y. Supp. 422.

Judgment reversed, report set aside, and case remitted to the referee for decision of counterclaim. All concur.