(72 App. Div. 213.)

CABLE FLAX MILLS v. EARLY et al.

(Supreme Court, Appellate Division, Third Department.   May 7, 1902.)

1. SET-OFF AND COUNTERCLAIM—PLEADING—SUFFICIENCY.
   Under Code Civ. Proc. § 501, subd. 2, providing that a counterclaim must tend to diminish or defeat the plaintiff's recovery, and in an action on a contract may be any other cause of action on contract existing at the commencement of the action, in a suit to recover the agreed price of goods an answer for a distinct defense, and by way of offset to plaintiff's claim, alleging facts showing a breach of contract by plaintiff resulting in certain damages to defendant, which he claims, sufficiently shows a counterclaim.

2. SAME—JUDGMENT ON COUNTERCLAIM—REFEREE'S REPORT.
   Where an issue on a counterclaim is properly submitted to a referee, and his finding fails to show any disposition thereof, the judgment must be reversed.

Appeal from judgment on report of referee.

Action by Cable Flax Mills against Mary Agnes Early and others. From a judgment on report of a referee in favor of plaintiff, defendants appeal. Reversed.

Argued before PARKER, P. J., and KELLOGG, SMITH, CHASE, and FURSMAN, JJ.

M. P. O'Connor and Frank S. Parmenter, for appellants.
Benjamin E. De Groot, for respondent.

PARKER, P. J.   The complaint in this action avers that the plaintiff, within six years prior to the date thereof, sold and delivered goods to the defendants at agreed prices, and on account of which there was then due and owing to the plaintiff the sum of $293.59. The answer first denies the allegations to that effect contained in the complaint. "For a separate and distinct defense, and by way of offset to plaintiff's claim," it further alleges facts showing the breach of a contract on the plaintiff's part, separate and distinct from the one sued upon, by reason of which these defendants suffered damages to the extent of $190, and claimed that the plaintiff was therefore indebted to them in such amount. The answer then further avers that the defendants had purchased from the plaintiff goods, which, at the agreed price, amounted to the sum of $265.06 (instead of $293.59, as claimed by the plaintiff), and admitted their indebtedness to the plaintiff to that amount, less the sum of $190 due from the plaintiff to them, as above stated, and they offered that judgment for the difference, viz., $75.06, with interest and costs, be taken against them in this action. The action was referred, and the parties went to trial on these pleadings. Upon the trial the defendants admitted that on July 10, 1899, they purchased goods, etc., from the plaintiff, which, at agreed prices, with freights, etc., amounted to the sum of $264, and that it had not been paid, and that the plaintiff was entitled to recover therefor, unless the evidence to be submitted under their defense set up in the answer constitutes a defense thereto. The plaintiff thereupon rested. The defendants then proceeded to give their evidence, which tended to establish the claim against the plaintiff which they had set up in their answer. After the close of the trial the referee made a report, which contains two findings of fact and one of law. The findings of fact were, substantially, as follows: First, that on July 10, 1899, the plaintiff sold and delivered to the defendants goods, etc., at the agreed price of $264, no part of which had been paid; second, that there is due and owing to the plaintiff from the defendants, on account of such sales, such sum of $264, and interest from July 10, 1899. The conclusion of law was that the plaintiff have judgment against the defendants for that amount, with costs. No finding is made in such report as to the cause of action which the defendants set up in their answer, nor is any allusion whatever made to the same. The defendants filed an exception to the referee's omission to pass upon the issue so raised by their answer and so tried before him.

It is claimed by the defendants that the omission of the referee to pass upon such issue is an error, for which this judgment should be

reversed. The plaintiff claims that, no counterclaim being set up in the answer, the sole question presented was whether the defendants had proven a defense, and that upon such an issue the report is full and complete. I am of the opinion, however, that the defendants' demand against the plaintiff is set up as a counterclaim in the answer. True, it is not named therein as a counterclaim, but it is distinctly stated that it is a defense "by way of offset to plaintiff's claim," which can mean nothing other than that it is put forth as a counterclaim. The word "offset," as there used, is equivalent to "counterclaim." It can mean nothing else, and the facts set forth in such answer clearly show a counterclaim within the definition given in subdivision 2 of section 501 of the Code. It is not necessary that the defendants' claim should exceed that of the plaintiff to constitute it a counterclaim. If it is less, when established, judgment is to be rendered in favor of the plaintiff for the balance only (see Code, 503); and that was just the relief which the answer asks for in this action. Clearly, taking the whole answer together, this cause of action for $190 damages, which the defendants claim they had against the plaintiff, was pleaded as a counterclaim to the indebtedness conceded by such answer to be due and owing from them to the plaintiff. No particular form of words is necessary, if it clearly appears from the answer that it was intended to set up a personal claim against the plaintiff. Bates v. Rosekrans, 37 N. Y. 412. Two issues, then, were sent to the referee for his decision: First. Did the plaintiff have a debt for $293.59 against the defendants, as claimed in its complaint? Secondly. Did the defendants have a lawful claim for $190, or other sum, as damages, against the plaintiff, for the breach of its contract set up in their answer? Each was a distinct and independent cause of action. That it was the duty of the referee to pass upon all of the issues so presented to him, and that it is error for which the judgment must be reversed if he does not, is held in Pinsker v. Pinsker, 44 App. Div. 502, 60 N. Y. Supp 902. In that case the condition was substantially the same as in the one before us. In each case a claim for money due is made by the plaintiff, and a counterclaim for money due from the plaintiff is set up in answer thereto. In that case the referee found a sum due to the plaintiff upon the demand set forth in the complaint, but made no allusion, in his report, to the defendant's counterclaim. The same thing has been done in this case. In that case the court declined to assume that the referee had disposed of the counterclaim adversely to the defendant. So we, in this case, may not adopt the theory of the respondent's counsel that, because the referee has not credited the $190 against the plaintiff's claim, therefore he concluded that no such claim existed. He may have concluded that no such contract was made. He may have thought that the alleged contract was void under the statute of frauds, and applied that rule to the case, when no such defense was pleaded against it by the plaintiff. He may have thought that it was not a proper subject of counterclaim or set-off. But he has found nothing whatever on the subject. The defendants are entitled to have him pass upon all the questions presented by such counterclaim, and to have the record show what his

decision was thereon.   Upon the authority of the, case above cited, this judgment cannot be allowed to stand.   The judgment is reversed, the report set aside, and the case remitted to the referee for decision upon the counterclaim.

Judgment and report set aside, and case remitted to the referee for a report and decision on all the issues, with costs to appellants to abide event. All concur.