HONORA CUNNINGHAM, Respondent, *v.* FRANK M. HEWITT, as Administrator, etc., of CHRISTOPHER HEWITT, Deceased, Appellant.

*Proof of the value of a nurse's services — competency of an improperly executed will containing a gift to the nurse — the revocation of a will revokes a codicil thereto — costs taxed against an administrator without a certificate of unreasonable resistance to a claim — the objection cannot be first taken on appeal.*

Upon the trial of an action brought against an administrator to recover for services rendered by the plaintiff to the intestate in acting as his general servant for a period of eight years, a verdict in favor of the plaintiff for $1,000 can-

not be considered excessive, where it appears that the intestate, over his own signature, recognized the fact that such services were worth $900.

When, in such a case, the admission in evidence of a will, which was invalid because not executed with the statutory formalities, by which the intestate attempted to give all his real and personal property to the plaintiff, does not constitute error, considered.

*Semble,* that the destruction of a will with intent to revoke it operates to revoke a codicil thereto, although the codicil is not destroyed.

The objection that costs were taxed in the judgment rendered against the administrator, without the certificate of the trial judge that the plaintiff's claim had been unreasonably resisted, cannot be raised for the first time upon an appeal.

CHASE, J., dissented.

APPEAL by the defendant, Frank M. Hewitt, as administrator, etc., of Christopher Hewitt, deceased, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Saratoga on the 20th day of October, 1902, upon the verdict of a jury, and also from an order entered in said clerk's office on the 21st day of October, 1902, denying the defendant's motion for a new trial made upon the minutes.

Defendant's intestate died upon the 17th day of September, 1900, at the age of eighty-eight years. He left no widow, and some nephews and nieces as his sole next of kin. For eight years prior to his death this plaintiff had been his general servant, taking practically the sole care of him in sickness and in health. She had not only done the household work but she had taken care of a horse, of a cow and of some pigs, and work generally done by a man servant. At periods of his sickness she nursed him faithfully, although at times such service was of a character far from agreeable. He had, sometime prior to his death, made a will in which he had left her the sum of $200; and upon the 5th day of October, 1898, he executed a codicil to his will in which he gave her the sum of "Five hundred dollars, to be in full of all claims, dues and demands which she has or may have against me at the present time, to wit, the date of this codicil, and in case she presents any bill or claim against my estate for services prior to this time, then she shall forfeit said legacy of Five hundred dollars, and in case I shall not pay her for future service, $60 per year, she shall present claims for said amount." Thereafter, upon the 11th day of August, 1900, he executed a note of which the following is a copy:

" SARATOGA SPRINGS, N. Y., *August 11th*, 1900.

" On demand I promise to pay Honora Cunningham four hundred ($400.00) dollars for value received.

" CHRISTOPHER HEWITT."

Upon the thirteenth day of September he executed and delivered to the plaintiff a bill of sale of substantially all of his personal property, which amounted to between $400 and $500. Upon September fifteenth, two days before his death, he called for his will and burned the same. The codicil, however, for some reason, was not destroyed. At the same time he executed a paper of which the following is a copy :

" SARATOG, *Sept. the* 15, 1900.

" I hereby give to Honoria Cuningham all my real estate and personial property when I am done with it, for this is my wish and last will and testament.

" (Signed)     CHRISTOPHER HEWITT.

" Witness, POLLY A. SMITH."

The plaintiff made claim for $6,000 for services for eight years for which she worked for the defendant's intestate. Upon the trial she surrendered the $400 note as being, as she claimed, a part payment for such services, and recovered a judgment for $1,000. From this judgment, and from the order denying a motion for a new trial defendant has appealed.

*Nash Rockwood*, for the appellant.

*Edgar T. Brackett*, for the respondent.

SMITH, J.:

The appellant appeals to the duty which this court has always recognized to protect the estates of dead men from fraudulent claims. It is urged that this verdict was against the weight of the evidence and was prompted by sympathy, and was in defiance of principles of law, and in excess of the just indebtedness of this estate. We think the defendant's claim is not sustained by the evidence. In October, 1898, the date of the execution of the codicil to his will by the intestate, he recognized an indebtedness of $500 to the plaintiff for services which had been at that time rendered.

It is true that he then specified a claim of $60 a year which should be paid for services thereafter rendered. In August, however, of the year of his death, he freely and without coercion gave to the plaintiff a note for $400, which is recited as being for value received. This was in addition to the $500 at that time provided to be paid to her by his codicil, and was a voluntary recognition of the value of the services rendered, which he had the right to make. The recovery was for $1,000, substantially the amount recognized by the intestate as covering his indebtedness to her. We see, therefore, no ground of suspicion in the plaintiff's claim to the amount for which she has recovered a verdict. It is true that the intestate gave to the plaintiff just prior to his death a bill of sale of his personal property amounting to between $400 and $500. It is apparent, however, that this was voluntarily given, and there is nothing to indicate that it was intended to be in satisfaction either of the legacy provided for by this codicil or of the note which he had theretofore given to the plaintiff. The destruction of the will upon September fifteenth, two days before his death, is no indication of a change of purpose. It was accompanied by an attempt to give her the whole of his property, both real and personal, by a new will, which has failed through lack of proper execution. The estate amounted to upwards of $3,000. With the intention manifested to give to her all of his property, and express recognition of an indebtedness of $900 for services rendered, the administrator might well have been content with the decision of the jury. The claim of the defendant that the evidence of the plaintiff's witnesses is partial and untrue is not sustained by the record, and has evidently been disbelieved by the jury upon whose verdict upon this question we must rely.

The judgment has been assailed, however, for errors of the trial judge in the admission of evidence. Three witnesses, who were experienced nurses, have sworn to the value of plaintiff's services. The question as first asked of these witnesses was probably incompetent. Upon cross-examination, however, each witness swore that her testimony as to the value simply referred to the time when the plaintiff nursed defendant's intestate, and that they did not pretend to state the value of other services rendered at other times. It is true that one or two of the witnesses swore that they were not acquainted with the value of the services of an untrained nurse, but the time

during which the defendant's intestate was sick was very short, so that their testimony could have a slight influence only upon the verdict of the jury, and that its influence was slight is indicated by the result attained, which gave to the plaintiff a verdict of $1,000 for eight years' services, whereas the defendant's intestate, under his own signature, has recognized a value of $900 therefor. While there may have been a technical error in one or two of the rulings upon the admission of evidence of these witnesses, its effect was so immaterial that the interests of justice do not require a reversal of the judgment therefor.

The appellant further complains of the rulings of the trial court admitting in evidence the paper signed upon September fifteenth, by which the defendant's intestate attempted to give to the plaintiff all of his property. But the defendant had introduced the codicil to the prior will which seemed to indicate an understanding of the testator that plaintiff was to receive $500, and $60 a year from the date of the codicil in addition thereto only for her services. It was competent, therefore, for the plaintiff to show the destruction of the former will, which carried with it the destruction of the codicil, and the execution of a new paper purporting to give all of his property to the plaintiff, in connection with his statements that for such services as she had rendered she was entitled to all of his property. It is a recognition, at least, of the value of her services to the extent of $900, which he had theretofore provided as payment therefor.

The appellant further complains that costs were taxed in the judgment without the certificate of the trial judge that the plaintiff's claim was unreasonably resisted; but such costs were taxed without objection. There was no motion made in the court below to strike them from the judgment. If such a motion had been made, the plaintiff might have applied for and obtained such a certificate from the trial judge. Without objection made in the court below, this question cannot, for the first time, be raised upon this appeal. For these reasons we think this judgment should be affirmed.

All concurred, except CHASE, J., dissenting.

Judgment and order affirmed, with costs.