MYNDERT LA GRANGE, as Committee of the Person and Property of HARLAN LA GRANGE, an Incompetent Person, Respondent, *v.* MAGDALENE I. MERRITT, as Executrix, etc., of JULIA A. LA GRANGE, Deceased, Appellant.

*Counterclaims — failure of a referee to allude to them in his report — a judgment on the report cannot be sustained.*

Where the report of a referee, in a case in which the defendant has interposed a number of counterclaims, makes no allusion to such counterclaims and it is impossible to learn from the record the view which the referee took of them, the judgment entered upon the report cannot be sustained.

APPEAL by the defendant, Magdalene I. Merritt, as executrix, etc., of Julia A. La Grange, deceased, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Albany on the 6th day of March, 1903, upon the report of a referee.

*Jacob W. Clute,* for the appellant.

*William Loucks,* for the respondent.

PARKER, P. J. :

This is an appeal by the defendant from a judgment entered upon the report of a referee.

Julia A. La Grange was the mother of Harlan La Grange and was appointed a committee of his person and estate in September, 1897. She entered upon the discharge of such trust and filed an inventory and account March 7, 1898. She died in February, 1901, and this plaintiff was appointed her successor in March, 1901. The defendant was named by the said Julia as executrix of her estate, and duly qualified as such in March, 1901. This action is brought by the plaintiff, as the committee succeeding the said Julia, against the defendant as executrix of her estate, to recover a certain amount which it is claimed the said Julia had converted to her own use while acting as such committee from the assets of said Harlan's estate. It is not alleged that any accounting had ever been had between the said Julia and the lunatic's estate nor is one asked for; but the distinct claim is made in the complaint that she, Julia, had

converted to her own use the proceeds of two promissory notes belonging to the lunatic and collected by her, amounting to upwards of $200, and also that she had converted to her own use certain articles of personal property belonging to said lunatic of the alleged value of about $150, and judgment is asked against her estate for the full amount thereof.

The answer, among other things, denies the conversion of the notes and of the other articles of property charged in the complaint. By a further amendment, allowed on the trial, it further averred that, as to three horses included in such charge of articles converted, they were either delivered to the *plaintiff*, killed by the railroad, or sold by said Julia and the proceeds used and expended for the benefit of said Harlan. Also that a considerable sum was expended by her in recovering from the railroad for the killing of the horse. The answer further sets up as a counterclaim that the lunatic was indebted to said Julia when she died, for the rent and use of her farm had by him for about four years prior to her appointment as his committee, in the sum of $150 per year. Also that, as such committee, she, said Julia, had expended for said lunatic or on his behalf several hundred dollars more than the amount claimed to have been converted by her and for which the lunatic was then indebted to her. The answer also sets up as a further counterclaim a demand against said lunatic for pasturing for the period of two years certain horses belonging to him, amounting in all to the sum of $298. The plaintiff served a reply to this counterclaim, denying the same, and upon the issues formed by these pleadings the action went to trial before the referee.

The referee found as facts that said Julia A. La Grange, as such committee, collected on the two notes above referred to the sum of $235.30, for which she had never charged herself nor accounted. Also that she, as committee, received of the lunatic's property certain articles of personal property (including the three horses), specifying and valuing each article, amounting in all to the sum of $72, for which she had never accounted.

He further finds as a fact that the plaintiff, as committee succeeding Julia La Grange, had presented a claim for the above amounts to the defendant, as her executrix, and demanded payment thereof, which was refused.

He further found as a fact that the defendant, as such executrix, was indebted to the plaintiff for said amounts and interest accrued thereon.

As conclusions of law he found that there was due and owing to the plaintiff from the defendant, as such executrix, the sum of $366.37, and directed judgment for that amount.

Such was the substance of his report and it seems clear that he has in no way passed upon the issues presented by the counterclaim set up by the defendant.

Taking the pleadings in this action as we find them, the parties agreed upon certain issues which were sent to the referee to try and upon all of which evidence was given upon the trial. The separate and distinct demands presented by the defendant in the counterclaim the referee has made no allusion to in his report. It is impossible to know from the record what view he took of them, and for that reason the judgment rendered upon his report cannot be sustained. The reasons for such a conclusion are stated in *Pinsker* v. *Pinsker* (44 App. Div. 501) and *Cable Flax Mills* v. *Early* (72 id. 213).

I am of the opinion that the judgment should be reversed, the report set aside and the case remitted to the referee for decision on the counterclaim, with costs of this appeal to the appellant.

All concurred.

Judgment reversed, report set aside and case remitted to the referee for decision, including decision on counterclaim, with costs of this appeal to the appellant.