(96 App. Div. 61.)

### LA GRANGE v. MERRITT.

(Supreme Court, Appellate Division, Third Department. June 30, 1904.)

1. ACTIONS—REFERENCE—THEORY—JUDGMENT—OBJECTIONS—ESTOPPEL.

A complaint in an action by the committee of an incompetent against the executrix of the incompetent's deceased committee stated a cause of action for conversion. Defendant failed to plead that trover would not lie, and made no objection that an accounting was necessary but set up by way of counterclaim sundry items of indebtedness claimed to be due from the incompetent, and prayed judgment against the incompetent's estate to that amount. The case was tried before a referee as an action on contract, and a judgment rendered for an amount found to be due plaintiff and held by defendant as assets of the lunatic's estate over and above all counterclaims established by defendant. *Held*, that defendant could not object to the regularity of such judgment.

2. SAME—APPEAL—OBJECTIONS NOT MADE AT THE TRIAL:

    Objections to a provision for costs in a judgment and for the allowance of an execution cannot be reviewed when raised for the first time on appeal.

Appeal from Judgment on Report of Referee.

Action by Myndert La Grange, as committee of the person and property of Harlan La Grange, an incompetent, against Magdalene I. Merritt, as executrix of the estate of Julia La Grange, deceased. From a judgment in favor of plaintiff on a referee's report, defendant appeals. Affirmed.

The facts are substantially the same as stated in the opinion on former appeal, reported in 88 App. Div. 279, 84 N. Y. Supp. 1092.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Jacob W. Clute (Alonzo P. Strong, of counsel), for appellant.
Loucks & Loucks, for respondent.

PARKER, P. J. Judging from the complaint in this action, the plaintiff intended to bring an action for the wrongful conversion by the deceased committee, Julia La Grange, of property belonging to the lunatic's estate, to which he (the plaintiff) had succeeded as committee upon her death. If he had recovered upon this theory, it is evident that this judgment could not be sustained. It is clear that no evidence was given upon the trial that would warrant any such action. But the defendant, in answer to such complaint, has set up as a counterclaim various items, some consisting of debts claimed to be due from the lunatic to the deceased committee individually, and some for moneys belonging to his estate, but claimed to have been expended by her as his committee. To these counterclaims plaintiff served a reply. Thus the idea of an action for a conversion seems to have been abandoned, and the plaintiff's action, whatever it was really intended to be, seems to have been considered as one based upon a claim arising ex contractu, rather than upon one arising ex delicto. Upon the former trial, however, before the referee, he made no finding whatever concerning the counterclaims. Although the several items were litigated upon that trial, no decision was made thereon—at least none appeared from the record—and it was not apparent but that all such counterclaims had been disallowed by the referee on the ground that they were not properly triable in the action so set forth in the complaint. The case was therefore sent back to the same referee for his decision upon such counterclaims. 88 App. Div. 279, 84 N. Y. Supp. 1092. It now comes back to us, with the same decision as to the plaintiff's right to recover as was contained in the former report, and with the additional decision that none of the items set forth by the defendant in her counterclaims have been established.

As suggested above, if the plaintiff's action is to be deemed one ex delicto, this judgment would have to be reversed. But upon the issues framed by the parties, and tried and determined by the court, I am of the opinion that such judgment should not be disturbed. It is true that the proper method of determining the deceased com-

mittee's liability to the estate of the lunatic would be by an adjustment and settlement of her accounts, as such, before the proper tribunal. In such a proceeding not only her receipts and disbursements could be fully fixed and allowed, but also all her commissions and proper charges for services rendered could also be adjusted. But her executor in this action has not only neglected to plead that the action of trover would not lie, but has also neglected to set up that such a proceeding for an accounting was necessary to a full adjustment and determination of her liability. She does not even ask that such an accounting be had in this action, but she, after denying the plaintiff's claim, sets up by way of counterclaim sundry items of indebtedness claimed to be due from the lunatic to her, and asks for judgment against the lunatic's estate to that amount. In this respect she seems to assume that the only items of difference between the deceased committee's estate and that of the lunatic's are the several items claimed by the plaintiff to be owing to him and the various items on the other side set up in the counterclaim. She seems to treat these items as the whole account, both debit and credit, between the parties, and to be content that the judgment of the court pass upon them only. Such seems to have been the view that the defendant has taken of the situation; but, be that as it may, the issue which she has clearly tendered has been fully tried in this action. The referee has found that the deceased committee did receive the sum of $235.20 for principal and interest on two certain promissory notes received and held by her as assets of the lunatic's estate, and the further sum of $72 as the value of certain other assets, being personal property either sold or used up by her, and that such amounts were so received over and above any counterclaims or expenditures that were pleaded or established by the defendant in this action; and as to the regularity of such a judgment I cannot see that she has any cause to complain. I have carefully examined the evidence bearing upon the facts found by the referee, and upon which his conclusions are based, and I am of the opinion that they sustain the judgment so directed by him.

As to the provision for costs, and the allowance of an execution, which are found in the judgment, those questions cannot be, for the first time, raised on appeal. See Cunningham v. Hewitt, 84 App. Div. 114, 81 N. Y. Supp. 1102; Syms v. Mayor, etc., of New York, 105 N. Y. 154, 11 N. E. 369. However, as to the execution, I understand that on the argument hereof the respondent conceded that its allowance was improper, and consented that the judgment be modified as to that.

I conclude, therefore, that the judgment should be modified by striking therefrom the provision allowing execution, and, as so modified, it should be affirmed, with costs of this appeal. All concur.