### CORNWELL et al. v. SHELDON et al.

(Supreme Court, Appellate Division, Third Department. September 15, 1909.)

1. EXECUTORS AND ADMINISTRATORS (§ 456*) — ACTIONS — COSTS — STATUTORY PROCEDURE.

Where there was no formal presentation of plaintiff's claim, as required by Code Civ. Proc. § 1836, authorizing the court to award costs against an executor or administrator where plaintiff's demand was duly presented or payment thereof was unreasonably resisted or neglected, and requiring the court to certify the facts where the action was brought before the Supreme Court or any County Court, and the claim was not

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

unreasonably resisted or neglected, plaintiff was not entitled to costs, as such certificate could not under the facts be granted.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 1943; Dec. Dig. § 456.*]

2. Costs (§ 75*)—Appeal and Error (§§ 226, 440*)—Award—Sufficiency.

Under Code Civ. Proc. § 767, requiring a direction of the court to be in writing unless otherwise specified in the particular case, a remark by the trial court, at the close of trial, that plaintiff might have costs, was not an adjudication of costs for plaintiff in an action against an executor, so that an appeal from the judgment then rendered did not bring up the question of costs for review, and hence did not bar a subsequent motion to strike costs therefrom.

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 315; Dec. Dig. § 75;* Appeal and Error, Cent. Dig. § 1324; Dec. Dig. §§ 226, 440.*]

3. Judgment (§ 321*)—Correction—Time of Application—Laches.

A motion to strike an award of costs from a judgment because there had never been a legal determination of the right to costs going to the merits of the judgment, and the other party not having been prejudiced by the delay, such delay would not prevent the moving party from correcting the mistake.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 619; Dec. Dig. § 321.*]

4. Costs (§ 32*)—Party Entitled.

Where plaintiffs recovered a part of the amount sued for, defendants were not entitled to the costs even though the judgment did not legally tax costs in favor of plaintiff.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 108–132; Dec. Dig. § 32.*]

Appeal from Special Term, Columbia County.

Action by Nettie Cornwell and another against Benjamin Sheldon and another, as executors of Leonard Sheldon, deceased. From an order denying a motion to strike a part of the judgment taxing costs against defendants and for an allowance in their favor, defendants appeal. Reversed, and motion granted in part.

See, also, 127 App. Div. 931, 111 N. Y. Supp. 1115.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

William Wallace Chace and S. F. Avery, for appellants.
John L. Crandell, for respondents.

COCHRANE, J. Plaintiffs were awarded a verdict of $175 at the trial of this action, which was instituted to recover $700 damages for a breach of covenant contained in a deed of a farm conveyed by defendants' testator to the plaintiff Nettie Cornwell. At the trial it appeared that she had conveyed her interest in the farm to her husband, Levi Cornwell, and an order was then entered making him a party plaintiff with his wife, and the trial proceeded. The judgment is in form in favor of both plaintiffs. Costs were taxed in favor of the plaintiffs and were included in the judgment. The judgment, being for a sum of money only, was entered directly by the clerk. The defendants appealed from the judgment to this court, where the judgment was affirmed. 127 App. Div. 931, 111 N. Y. Supp. 1115. Thereafter the defendants moved at Special Term to strike from the judg-

ment the costs therein contained and for an award of costs in their favor. From an order denying such motion, they again appeal to this court.

The right of plaintiffs to costs depends on sections 1835 and 1836 of the Code of Civil Procedure. Although these defendants published a notice as prescribed by law requiring creditors to present their claims, it does not appear that the demand constituting the subject of this action was ever presented by the plaintiffs within the meaning of the Code provisions above cited. There were some negotiations, and a letter was written in behalf of the plaintiff Nettie Cornwell; but there was nothing to indicate to the defendants the formal presentation of the demand such as is contemplated by said section 1836. The summons was served about one month after such letter was written, and there was no rejection or scarcely an opportunity to reject the demand, even if such letter could be deemed the presentation thereof, and the material reduction of the claim precludes the idea of unreasonable resistance. The costs were taxed and included in the judgment without the certificate of the judge before whom the trial took place, as required by said section 1836, and from the facts before us it is clear that no such certificate could properly have been granted. Plaintiffs have absolutely failed to establish their right to costs.

The appeal from the judgment constituted no barrier to the subsequent motion to strike the costs from the judgment. That appeal did not bring up for review the question of costs. La Grange v. Merritt, 96 App. Div. 61, 89 N. Y. Supp. 32; Cunningham v. Hewitt, 84 App. Div. 114, 81 N. Y. Supp. 1102. In the case last cited it was said:

"The appellant further complains that costs were taxed in the judgment without the certificate of the trial judge that the plaintiff's claim was unreasonably resisted; but such costs were taxed without objection. There was no motion made in the court below to strike them from the judgment. If such a motion had been made, the plaintiff might have applied for and obtained such a certificate from the trial judge. Without objection made in the court below, this question cannot, for the first time, be raised upon this appeal."

In the present case, as we have seen, the certificate could not properly have been granted and never has been granted even on the motion resulting in the order under review. The case differs from those cited by the respondents where there had been a determination as to a particular question whether of the right to costs or otherwise, and it was held that such determination could not be changed except by appeal. There is nothing in this case to show that the right of plaintiffs to costs has ever been adjudicated except by the order we are now reviewing.

It is true that at the close of the trial the court stated plaintiffs might have costs. No formal order to that effect, however, was entered, and we cannot ascribe any efficacy to such informal statement. It is declared by section 767 of the Code of Civil Procedure as follows:

"A direction of a court or judge made as prescribed in this act in an action or special proceeding must be in writing unless otherwise specified in the particular case. Such a direction unless it is contained in a judgment is an order."

Had the plaintiffs entered an order for costs, the defendants could have appealed directly therefrom and would not have been put to the necessity of making an independent motion to get relief. If what occurred at the trial was equivalent to a formal determination that plaintiffs were entitled to costs so as to present that question on the appeal from the judgment, we should on that appeal have stricken out the costs.

Nor have the defendants by laches lost their right to relief. Their motion attacked the judgment not merely for an irregularity, but on its merits so far as it awarded costs. Plaintiffs have not been prejudiced by the delay, and there is no reason why defendants should suffer because of their harmless delay in correcting the plaintiffs' mistake. The defendants, however, were not entitled to the costs of the action, and to that extent their motion was properly denied.

The order must be reversed, with $10 costs and disbursements, and the motion granted, without costs, to the extent of striking from the judgment herein the costs against defendants. All concur.