BELLOCK et al. v. WEITZER.

(Supreme Court, Appellate Division, Second Department. April 28, 1911.)

COURTS (§ 189*)—NEW YORK MUNICIPAL COURT—JUDGMENT—DISPOSAL OF ISSUES.

Under Municipal Court Act (Laws 1902, c. 580) § 230, requiring the court, upon issue joined, to decide all questions of fact and law and render judgment accordingly, where there was an answer and counterclaim, it was error for the Municipal Court to render judgment for plaintiff without passing on the counterclaim; there being evidence applicable thereto.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

Hirschberg, J., dissenting.

Appeal from Municipal Court, Borough of Brooklyn, Third District.

Action by David Bellock and another, copartners, against Jacob Weitzer, to recover the amount of a check given to plaintiffs by defendant. From a judgment for plaintiffs, defendant appeals. Reversed, and new trial granted.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, RICH, and WOODWARD, JJ.

Charles Burstein, for appellant.
L. & M. Blumberg, for respondents.

RICH, J. The record discloses that on January 4, 1910, the parties entered into a written contract by the terms of which the plaintiffs undertook and agreed to manufacture for the defendant, from yarn purchased by them of him for that purpose, 1,000 dozen ladies' and misses' sweater coats, in accordance with specifications contained in said contract and a sample theretofore made and exhibited to the defendant, to be delivered in weekly installments, delivery to commence on January 17th, in weekly lots of 30 dozen, to be increased to 50 dozen after February 1st. Under this contract the plaintiffs had made and delivered to defendant on February 24th 14 $7/12$ dozen of the coats, and had at their place of business on March 4th 14 $7/12$ dozens completed, but not delivered. The contract price of manufacture of the 32 $5/12$ dozens was $284.89.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Plaintiffs were indebted to defendant for the yarn used in the sweaters, and some other small items, in the sum of $136.43. Defendant's son, on March 4th, went to plaintiffs' place of business, checked off the sweaters he found there, and gave plaintiffs the check in suit, which represented the difference between the contract price of the coats manufactured and delivered up to that time and the amount the plaintiffs were then owing the defendant. Before the check was presented for payment to the bank upon which it was drawn, the defendant stopped its payment.

The answer alleges as a defense the contract, the warranty as to the manner of manufacture, length, style, and weight of the coats; that the sweaters delivered were not in accordance with the requirements of such warranty, and were worth $78.65 less than they would have been, had they been as warranted. This defense is followed by a counterclaim for the breach and nonperformance of the contract, in consequence of the refusal to deliver the sweaters, to defendant's damage of $900. An affirmative judgment was demanded on the counterclaim for $500.

Upon the trial evidence was given by the defendant in support of the facts pleaded, both as a defense and as a counterclaim. At the conclusion of the trial the court reserved decision, and later rendered judgment as follows:

"Judgment is hereby rendered, after trial on the merits, in favor of the plaintiff against the defendant for the sum of $148.41; costs, $2.00; allow. $15.00."

Upon these facts the appellant contends that, the court having failed to make any disposition of the counterclaim set up in his answer, the judgment must be reversed, and this contention finds support in the requirements of section 230 of the Municipal Court Act (Laws 1902, c. 580). See Pinsker v. Pinsker, 44 App. Div. 501, 60 N. Y. Supp. 902; Cable Flax Mills v. Early, 72 App. Div. 213, 76 N. Y. Supp. 191; La Grange v. Merritt, 88 App. Div. 279, 84 N. Y. Supp. 1092; Morehouse v. Brooklyn Heights R. R. Co., 185 N. Y. 520, 528, 78 N. E. 179.

It is apparent that the counterclaim was not considered. The recovery is for the amount of the check and accrued interest. The matters involved in the defense and in the counterclaim are different. The record contains evidence applicable to both the defense and counterclaim. The trial court undoubtedly reached the conclusion that the defense was not sustained, but overlooked the counterclaim.

Without considering the other questions presented, we are agreed that the judgment of the Municipal Court must be reversed, and a new trial ordered; costs to abide the event.

JENKS, P. J., and BURR and WOODWARD, JJ., concur. HIRSCHBERG, J., dissents.