ROSENBERG v. ALDHAUS.

(Supreme Court, Appellate Term.   December 22, 1911.)

COURTS (§ 189*)—MUNICIPAL COURT—FINDINGS.

Municipal Court Act (Laws 1902, c. 580) § 153, provides that, where a counterclaim is established which equals plaintiff's demand, the judgment must be in favor of defendant, and, where it is less than plaintiff's demand, plaintiff shall have judgment for the residue only. *Held*, that the Municipal Court was not thereby required to make a separate finding on a counterclaim, and that a judgment for plaintiff and against defendant for the amount demanded in the complaint without referring to the counterclaim specifically was a sufficient finding that defendant was not entitled to take anything by his counterclaim.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Benjamin Rosenberg against Herbert Aldhaus.   From a Municipal Court judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before GIEGERICH, LEHMAN, and PENDLETON, JJ.

Reno R. Billington and Harry K. Jacobs, for appellant.

Benjamin Koenigsberg, for respondent.

LEHMAN, J.   The plaintiff sues for work, labor, and services. The defendant sets up a general denial and two counterclaims.   The trial justice gave judgment for the plaintiff in the amount demanded in the complaint.   The record disclosed a conflict of evidence, both upon the plaintiff's claim and the defendant's counterclaim.   Numerically the plaintiff's testimony was completely overborne by the witnesses produced by the defendant, but a careful examination of the record has convinced me that the trial justice could reasonably believe the plaintiff, and, in spite of the numerical preponderance of witnesses against him, it cannot be said as a matter of law that he failed to bear the burden of producing a preponderance of credible testimony upon any of the issues of fact presented by the pleadings and proof.

The defendant urges, however, that the judgment must be reversed because the judgment is for the plaintiff and against the defendant for the amount demanded in the complaint, and makes no disposition of the counterclaim.   The court is required under section 230 of the Municipal Court act to decide all questions of fact and to render judgment accordingly.   The issues of fact include the issues raised by the counterclaim, and the defendant has a right to demand that these issues be decided in this action.   Pinsker v. Pinsker, 44 App. Div. 501, 60 N. Y. Supp. 902; Cable Flax Mills v. Early, 72 App. Div. 213, 76 N. Y. Supp. 191; La Grange v. Merritt, 88 App. Div. 279, 84 N. Y. Supp. 1092; Morehouse v. Brooklyn Heights R. R. Co., 185 N. Y. 520, 78 N. E.179.   In all these cases the trial was had before a referee or a court and the findings did not include any de-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

termination of the issues presented by the counterclaim, and the appellate courts therefore held that the issues presented by the pleadings had not been determined and reversed the judgment. In the Municipal Courts, however, the judgment is not predicated upon separate findings of fact and conclusions of law. The Municipal Court act simpy provides that:

"The court must hear the evidence and decide all questions of fact and law and render judgment accordingly. * * *" Section 230.

I know of no rule that requires the court to make a separate finding upon the counterclaim. On the contrary, it is expressly provided in section 153 that:

"Where a counterclaim is established which equals the plaintiff's demand the judgment must be in favor of the defendant. Where it is less than the plaintiff's demand the plaintiff must have judgment for the residue only. * * *"

I do not think that from these sections any rule can be deduced that, where the counterclaim is not established, the judgment must in form be for the plaintiff on the complaint and on the counterclaim. It is true that the Appellate Division of the Second Department has in the case of Bellock v. Weitzer, 144 App. Div. 292, 129 N. Y. Supp. 178, reversed a judgment where the judgment was for the plaintiff for the exact amount of his claim on the ground that it failed to make any disposition of the counterclaim. The court there relied upon the authorities cited above, and I do not think that it intended to go beyond those authorities. In that case the court stated: "It is apparent that the counterclaim was not considered." And again: "The trial court undoubtedly reached the conclusion that the defense was not sustained, but overlooked the counterclaim." I think that all the court there held was that, where from the record it is fairly inferable that the court overlooked some of the issues, the judgment must be reversed, but, where it is fairly inferable that the trial court passed upon all the issues, the judgment can be affirmed, even where the judgment does not specifically refer to the counterclaim. Undoubtedly it would be safer if the court specifically stated the disposition it made of the counterclaim and such a statement is necessary in some instances, but in this case it fairly appears that the trial justice has found for the plaintiff upon all the issues, and the judgment should be sustained, with costs to respondent.

Judgment affirmed, with costs. All concur.