ALTMARK et al. v. GELFAND.

(Supreme Court, Appellate Term. January 25, 1912.)

1. REPLEVIN (§ 105*)—JUDGMENT.

    A judgment in replevin, which awarded the defendant damages on a counterclaim, but failed to award possession of the goods, is defective, as failing to dispose of all the issues raised.

    [Ed. Note.—For other cases, see Replevin, Dec. Dig. § 105.*]

2. APPEAL AND ERROR (§ 1177*)—DISPOSITION OF CAUSE.

    While an appellate court may review the findings and judgment of a lower court, it cannot try the issues anew; and where, in replevin, the lower court did not award the possession of the goods, the case must be reversed for a new trial, where there is no stipulation permitting the proper judgment to be entered.

    [Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1177.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Charles Altmark and another against Samuel Gelfand. From a judgment for defendant, plaintiffs appeal. Reversed and remanded conditionally.

Argued December term, 1911, before SEABURY, LEHMAN, and PAGE, JJ.

Louis Dorfman, for appellants.

Bogart & Bogart (Isidore Weckstein, of counsel), for respondent.

PER CURIAM. The plaintiffs brought an action for replevin. The answer sets up as a defense and counterclaim that the defendant had a lien upon the goods in suit for services rendered in manufacturing the goods to the amount of $352.58, and asked that the com-

plaint be dismissed, with costs, and that the defendant have judgment upon his counterclaim.

[1, 2] The trial justice gave judgment for the defendant for the sum of $352.58, with interest, but failed to give a judgment for either party awarding possession of the goods. All the issues raised by the pleadings and the proof should be decided at the trial, and while the appellate court may review the findings and judgment of the court below, it cannot try the issues anew. Bellock v. Weitzer, 144 App. Div. 292, 129 N. Y. Supp. 178.

The judgment must therefore be reversed, and a new trial ordered, with costs to appellants to abide the event, unless the defendant will stipulate that the judgment be modified, by deducting the costs and providing that the possession of the goods be awarded to the plaintiffs, in which case the judgment will be affirmed, as modified, without costs.