(160 App. Div. 445)

NELSON CO. v. SILVER et al.

(Supreme Court, Appellate Division, Second Department. December 31, 1913.)

1. PLEADING (§ 142*)—SET-OFF AND COUNTERCLAIM—"BY WAY OF SET-OFF."

Where new matter pleaded in an answer was of the nature of a counterclaim, though designated as a partial defense and by way of set-off, it constituted a counterclaim; use of the word "counterclaim" not being necessary, "by way of set-off" being equivalent thereto.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 290, 291, 297, 300; Dec. Dig. § 142.*]

2. SALES (§ 363*)—ACCEPTANCE—QUESTION FOR JURY.

Where plaintiff contracted to make, ship, and set up store fixtures for defendants; and, as soon as they could reasonably discover the failure to comply with the contract of sale, defendants complained of the quality of the goods shipped, and plaintiff promised to arbitrate, and asked for one of the deferred payments, and on such promise defendants made such payment, expressly reserving their rights under the contract, there was not an acceptance, as matter of law, which might preclude right to counterclaim for nonperformance of the contract, but whether there was is a question for the jury.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1064; Dec. Dig. § 363.*]

3. SALES (§ 261*)—EXPRESS WARRANTY.

An express promise as to material and workmanship of fixtures, in specifications in a contract of sale, is an "express warranty," within

---

Sale of Goods Act (Laws 1911, c. 571) § 93, declaring any affirmation of fact or any promise by the seller relative to the goods to be such a warranty, if the natural tendency of such affirmation or promise is to induce the buyer to purchase the goods.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 727–735; Dec. Dig. § 261.*]

4. SALES (§ 288*)—ACCEPTANCE—EFFECT.

By express provision of Sale of Goods Act (Laws 1911, c. 571) § 130, acceptance of goods by the buyer does not discharge the seller from liability in damages for breach of any promise or warranty in the contract.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 817–823; Dec. Dig. § 288.*]

Appeal from Trial Term, Kings County.

Action by the Nelson Company against Isaac Silver and others. From a judgment on the direction of a verdict for plaintiff, and from an order denying a motion for new trial, defendants appeal. Reversed, and new trial granted.

Argued before JENKS, P. J., and BURR, CARR, STAPLETON, and PUTNAM, JJ.

Aaron William Levy, of New York City, for appellants.
Joseph A. Seidman, of New York City, for respondent.

CARR, J. In this action, the trial court directed a verdict for the plaintiff, and judgment was entered thereon in conformity with such direction. The action was brought to recover the sum of $3,890.10 with interest, as the balance on the purchase price of certain goods, wares, and merchandise manufactured by the plaintiff and sold to the defendants at the agreed price of $5,890.10, of which amount the sum of $2,000 was paid by the defendants before the beginning of this action.

It appears that the defendants were about to open a store at Augusta, Ga., and they entered into a written contract with the plaintiff, under which it was to manufacture and ship to the defendants at Augusta, Ga., fixtures for the store in question. The defendants in their answer, "for a separate and distinct partial defense by way of set-off," pleaded that the plaintiff had so neglected to perform the contract of sale, in the way of various defects in the fixtures, as to cause them damage in the sum of $2,500. It appeared at the trial that the goods in question had been shipped by railroad to Augusta, and that one of the defendants went to the railroad train and saw the goods in a freight car and then caused them to be removed to his place of business. At that time there was an employé of the plaintiff present, who had been sent to Augusta for the purpose of setting up the fixtures in question. The defendants made objection to the condition of some of the fixtures, but were assured by the plaintiff's employé that when the fixtures were all set up everything would be all right. After the fixtures were set up, the defendants again made complaint to the plaintiff, in regard to the failure to perform certain important details of the contract as to the quality of the fixtures, and a controversy resulted

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

between the parties. Under the contract, the sum of $1,000 was paid at the time of its execution, and the further sum of $1,000 was to be paid when the fixtures were set up, and the balance was made payable in monthly installments of $500. The plaintiff demanded payment of the sum of $1,000 payable when the fixtures were set up, and suggested that if one of the defendants would come from Augusta, Ga., to New York, to discuss the matters of the complaint, the plaintiff would pay the expenses of the trip, and it was further stated in that letter that the dispute between the parties would be submitted to a named arbitrator for adjustment. The defendants answered by sending a check for $1,000, and stating that one of the members of their firm would be in New York at his own expense, and would take up the matter of complaint for the purpose of discussion and arbitration, and stated expressly in the letter in question that the sending of the check for the sum of $1,000 should not be deemed in any way to affect the merits of the controversy between the parties. When one of the defendants came to New York, he called upon the plaintiff with the named arbitrator, but no agreement was reached between them, and no arbitration was had because the plaintiff refused it. At this time, several of the monthly installments payable under the contract remained unpaid. The plaintiff immediately caused a summons to be served on the defendants in this action. .

[1, 2] The trial court was of opinion that the defendants, by failing to return or offer to return the fixtures in question, were deemed to have accepted the same as a matter of law. Attempts were made by the defendants to show departures from the contract in the quality of the fixtures, in order to sustain their claim for damages for breach of contract by the plaintiff. Such evidence went as to the materials used, the "finish" of the fixtures, and as to the construction of certain counters. This evidence was not permitted, partly because of an apparent theory on the part of the trial court that the defendants had not pleaded a counterclaim. There seems to be sufficient evidence in the case as it now stands to show that the plaintiff did not perform fully its contract according to the terms of the specifications which formed a part thereof. If there was a counterclaim set up in the defendants' answer, then clearly the court should have allowed the defendants to prove their items of damage. It was thought by the trial court that no counterclaim was pleaded, because the word "counterclaim" was not used in the answer. The new matter pleaded by the defendants was designated as a "partial defense and by way of set-off." Its nature, however, was that of a "counterclaim," and the use of the words "by way of set-off" was equivalent to the word "counterclaim." Cable Flax Mills v. Early, 72 App. Div. 213, 76 N. Y. Supp. 191.

The learned trial court was also of opinion that no counterclaim for defects in the goods sold was available to the defendants because it was their duty to inspect the goods on delivery within a reasonable time under the penalty of a presumption of an acceptance thereof, and that after such presumed acceptance no defenses against a claim for the purchase price survived. It is claimed to be the rule in this state that, unless there be a breach of an express warranty as to the quality of

goods sold and delivered, an acceptance thereof extinguishes all rights of the buyer to offset or recoup his damages for defects in the goods when sued for the purchase price. This is not the rule in England or in many of the states of this country. Williston on Sales, §§ 488, 489. The doctrine in this state was made to rest upon the principle that if, by an acceptance of the goods sold, the buyer assumes title thereto, his act is evidence that the goods sold and delivered answered to the description of those he bought and constitutes a binding waiver. In any event, however, the question of an acceptance which precludes a right to counterclaim for damages for nonperformance of a written contract for the sale of goods, in which the quality thereof is described and expressly promised, is many times a question of fact for the jury and not merely a question of law. James v. Libby, McNeil & Libby, 103 App. Div. 256, 92 N. Y. Supp. 1047. It seems to me that the circumstances of this case clearly made it a question of fact for the jury. They complained of the quality of the goods delivered as soon as they could reasonably discover the failure to comply with the contract of sale. The seller promised to arbitrate the substance of the complaint, and asked for a payment on account of the contract. On this promise the buyers made a payment, but they expressly reserved their rights under the contract. They came to the seller to adjust the controversy, but it refused to do so and immediately began an action.

[3, 4] Thus far, I have discussed this case independently of the "Sale of Goods Act" (chapter 571 of the Laws of 1911), which was in force when this contract was made. Under section 93 of that statute, the express promise as to the material and workmanship of the fixtures contained in the specifications would well constitute an express warranty according to the definition of an "express warranty" there made. And under section 130 of the same statute, the acceptance of the fixtures, if there was an acceptance, would not preclude the buyer from a remedy for damages "for breach of any promise or warranty in the contract to sell or the sale." See, also, section 150 of the statute.

I think it is plain that there was a question for the jury whether the plaintiff breached its contract and as to the extent of the damages sustained by the defendants, and I recommend that the judgment and order be reversed, and a new trial granted; costs to abide the event. All concur.