NATHAN HOFFMAN et al., Respondents, *v.* HARRY GREENBERG Co., INC., Appellant.

(Supreme Court, Appellate Term, First Department, November, 1919.)

Arbitrations — Municipal Court of city of New York — rules — awards — counterclaim — Code Civ. Pro. § 2374(4).

> The arbitration provided for by the Municipal Court rules contemplates a submission of all differences between the parties to an action brought in said court, and the award should be so definite and certain as to preclude any future litigation by either party involving the same matters.

> Section 2374(4) of the Code of Civil Procedure which provides that an award must be " a mutual, final and definite award upon the subject matter submitted " applies to the Municipal Court of the city of New York and an award which is silent as to defendant's counterclaim, which was a part of the subject matter submitted, is fatally defective, and the judgment entered thereon will be reversed and a new trial ordered.

APPEAL by defendant from a judgment in favor of plaintiff in the Municipal Court of the city of New York, borough of Manhattan, third district.

Julius J. Michael, for appellant.

Morris Weintraub, for respondent.

DELEHANTY, J.   After issue had been joined in this action, the oral pleadings having been amplified by

bills of particulars furnished by each side, the parties signed an agreement to submit their controversy to an arbitrator. The complaint and plaintiff's bill of particulars set forth a cause of action for work, labor and services, and also claimed damages by reason of defendant's refusal to furnish plaintiffs with sufficient material and trimming to complete a certain number of garments delivered to them for manufacture for the defendants.

The defense was a general denial and a counter-claim for overcharges made by plaintiff and the value of garments which plaintiff failed to deliver to defendant and claimed a judgment for $1,000. The arbitration was agreed to under the rules of the Municipal Court which provide that when a consent to arbitrate shall have been signed by the parties and filed with the clerk of the court an arbitrator shall be appointed by the justice. These rules also provide that the arbitrator shall not be bound by the rules of evidence, but may receive such testimony as shall seem to him just and proper and that no record of the proceedings shall be kept. When the award is made it shall be filed with the clerk who shall enter judgment thereon, provided the award is filed within thirty days after submission, unless both parties file a request in writing not to enter judgment. The consent of the parties herein recites that the parties designate ———— as arbitrator to hear and determine the following " controversy existing between us, namely; as per bills of particulars and pleadings filed in an action," etc. The arbitrator filed an award in which he states that " I have heard the parties to said controversy and the evidence submitted by them and find and decide that the plaintiff * * * are entitled to receive from the defendant, * * * the sum of $457.60."

Appellate Term, First Department, November, 1919.   [Vol. 109.

This award was filed on July 24, 1919, and on July 29, 1919, judgment was duly entered thereon in the Municipal Court. The defendant then moved to vacate such judgment, upon the ground that the award shows upon its face that the arbitrator failed to decide the issues submitted to him " in that he failed to make any disposition of the counterclaim interposed by the defendant herein."

This motion was denied and from the judgment the defendant appeals, bringing up for review the above-mentioned order. I think this judgment should be reversed. The arbitration provided for by the Municipal Court Rules contemplates a submission by the parties of all their differences, to the end that there may be an equitable disposition thereof and a final determination of the same and future litigation prevented. The award should be so definite and certain as to preclude any future litigation by either party involving the same matters. This method of disposing of disputes practically prevents appeals from any judgment entered thereon, as no rules are observed and no record being kept no appeal could be successfully sustained. The statute now applicable to the Municipal Court (Code Civ. Pro. § 2374, subd. 4) provides that that award must be " a mutual, final, and definite award, upon the subject-matter submitted." Clearly, the award in the instant case is defective, in that it is silent as to the counterclaim which was a part of the subject matter submitted. Whether or not the entire " controversy " was passed upon by the arbitrator cannot be determined by a recourse to the language of the award. The award would afford no protection to the plaintiff in an action that might be hereafter brought for the same cause of action set up in the counterclaim. It is idle to argue that the word " controversy " as

used in the award implies that the counterclaim was considered and passed upon. There would be a controversy if only a general denial had been interposed, and for all that appears that portion of the controversy is all that was heard by the arbitrator. If there was a record before this court from which it could be " fairly inferred " that the arbitrator had " passed upon the issues " as was the case in *Rosenberg* v. *Aldhaus,* 132 N. Y. Supp. 369, another situation would present itself. But there is none, and the plain language of the statute should not be disregarded and an uncertain construction of the language used in the award be substituted therefor.

GUY and BIJUR, JJ., concur.

Judgment reversed and new trial ordered, with thirty dollars costs to appellant to abide event.