■ R. F. ERHARDT & SONS, Respondent, v. JOSEPH M. BUCKO et al., Appellants.— In an action to foreclose a mechanic's lien on real property, defendants appeal from a judgment of the County Court, Putnam County, dated November 23, 1959 and entered December 1, 1959, after a nonjury trial, in favor of plaintiff, fixing its lien at $1,389.79 and directing foreclosure of the lien and the sale of the property. Judgment reversed on the law, without costs, and the action remitted to the trial court for further proceedings not inconsistent herewith. Neither the decision nor the judgment entered thereon makes any disposition of defendants' counterclaim. Under the circumstances, it should be remitted to the trial court for a further decision, for a statement of the facts essential to dispose of the issues raised by the counterclaim and reply, and for the entry of an appropriate judgment consistent with the facts found (cf. *Pinsker* v. *Pinsker,* 44 App. Div. 501; *Cable Flax Mills* v. *Early,* 72 App. Div. 213; *La Grange* v. *Merritt,* 88 App. Div. 279). Defendants' contention that they were deprived of a fair trial by reason of bias of the County Judge is wholly without merit or justification. Nolan, P. J., Beldock, Kleinfeld, Christ and Pette, JJ., concur.

■ CHARLES GARDNER, Respondent, v. EDWARD CRAMER et al., Doing Business as EDDIE'S TAVERN, et al., Appellants.— In an action to recover damages for personal injuries, allegedly resulting from the presence of broken glass in a bottle of beer from which plaintiff drank, the defendants appeal from a judgment of the County Court, Orange County, entered February 19, 1960, after a jury trial, upon a verdict of $3,000 in favor of plaintiff against both defendants. Judgment reversed on the facts and a new trial granted, with costs to abide the event, unless, within 30 days after the entry of the order hereon, plaintiff shall stipulate to reduce the amount of the verdict to $500, in which event the judgment as so reduced is affirmed, without costs. In our opinion, the verdict is excessive. Nolan, P. J., Beldock, Kleinfeld, Christ and Pette, JJ., concur.