■ In the Matter of the Estate of RAFFAELE LUPOLI, Also Known as RAPHAEL LUPOLI, Deceased. MATTHEW LUPOLI, Appellant; VIRGINIA LUPOLI, Respondent. [745 NYS2d 429] —In a proceeding to settle the intermediate account of the petitioner Peter Lupoli, as Administrator CTA of the estate of Raffaele Lupoli, also known as Raphael Lupoli, Matthew Lupoli ap-

peals, as limited by his brief, from so much of an amended decree of the Surrogate's Court, Queens County (Nahman, S.), dated July 18, 2001, as, upon directing him to pay to the petitioner the principal sum of $1,846,179, decreed that the petitioner may have execution thereon.

Ordered that the amended decree is affirmed insofar as appealed from, with costs.

Assuming that the appellant may raise the issue on this appeal (*cf. Syms v Mayor of N.Y.,* 105 NY 153; *La Grange v Merritt,* 96 App Div 61), the amended decree under review properly authorized the petitioner to execute on the monetary award contained in the amended decree. We have previously held that a decree of the Surrogate's Court which contains such an award may be docketed in the office of the County Clerk whereupon it becomes the equivalent of a Supreme Court judgment, and whereupon "all of the devices of CPLR article 52 become available" (*Matter of Lupoli,* 275 AD2d 44, 48). The presence, in the amended decree, of the language complained of by the appellant does not constitute the actual issuance of an execution by the Surrogate's Court, and hence does not violate SCPA 605 (*see Matter of Lupoli, supra* at 48-49). Contrary to the appellant's further contention, the presence of this language in the amended decree does not violate the doctrine of the law of the case.

For these reasons, the amended decree is affirmed insofar as appealed from. Smith, J.P., Friedmann, Adams and Townes, JJ., concur.