■ In the Matter of MATTHEW L., an Incapacitated Person. VIRGINIA L., Respondent; NICHOLAS L., Appellant. [863 NYS2d 606]—In a proceeding pursuant to CPLR article 52, inter alia, to sell an incapacitated person's interest in real property, Nicholas L., as guardian, appeals from (1) an order of the Supreme Court, Queens County (Thomas, J.), dated September 15, 2004, which granted the motion of the petitioner Virginia L. to appoint an independent appraiser to appraise the real property owned by the incapacitated person, (2) an order of the same court dated March 3, 2005, which, in effect, granted that branch of the petitioner's motion which was to sell at public auction the incapacitated person's interest in the real property, and (3) an order of the same court dated June 30, 2005, which, inter alia, granted

that branch of the petitioner's motion which was to confirm the sale of the interest.

Ordered that the orders are affirmed, with one bill of costs.

Contrary to the appellant's contention, the Supreme Court had subject matter jurisdiction over this proceeding, inter alia, to sell the incapacitated person's interest in real property under CPLR article 52 to satisfy a pre-appointment judgment lien, as opposed to pursuant to RPAPL article 17 (*see* CPLR 5235, 5236, 5240; *Matter of Lupoli*, 295 AD2d 612 [2002]; *Matter of Granger*, 179 Misc 188 [1942]).

The appellant's remaining contentions are either without merit or not properly before this Court (*see Greater Bright Light Home Care Servs. v Jeffries-El*, 5 AD3d 350 [2004]; CPLR 404 [a]). Florio, J.P., Angiolillo, McCarthy and Dickerson, JJ., concur.